CHICAGO & ALTON RAILROAD COMPANY

*v.*

SYLVESTER J. FEARS.

CONTRIBUTORY NEGLIGENCE. In an action against a railroad company, to recover for injuries received by the plaintiff's wagon coming in collision with a passing train, it appears the plaintiff was approaching a railroad crossing with his wagon and team, and when at a distance of thirty yards from the crossing, he saw the smoke of the locomotive of the approaching train; could have stopped before reaching the track, but did not check the speed of his horses until he reached the track, when the pole of his wagon struck the train, or was struck by the train, and the wagon was overturned: *Held*, that the plaintiff was guilty of such recklessness that he could not recover, even though the bell upon the locomotive was not rung or the whistle sounded.

APPEAL from the Circuit Court of Greene county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was an action on the case, brought by Sylvester J. Fears against the Chicago & Alton Railroad company to recover for injuries resulting to the person and property of the

---

plaintiff, by the alleged negligence of the defendants. The jury returned a verdict for the plaintiff, upon which judgment was entered, and to reverse said judgment defendants appeal to this court.

Mr. A. W. Church, for the appellants.

Mr. James W. English, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

The verdict in this case is clearly against the evidence. The injury to the plaintiff and to his property is attributable solely to his own gross negligence. He himself testifies he knew the train was coming, saw the smoke of the locomotive when he was thirty yards from the crossing, could have stopped before he reached the track, and did stop just as he reached the track, but not till the pole of his wagon and one of the cars came in collision. This overturned his wagon and threw him out. This is his own testimony. It appears by the testimony of other witnesses that one car had passed the crossing, and it was the second car that came in collision with the wagon, the team at the time running backward. It further appears the plaintiff stated at the time, that he saw the train coming, but thought he could cross, and it was his own fault. The injury was the result of a reckless attempt to cross the road, with full knowledge of the approaching train, and a failure to check the speed of the horses in time to prevent the pole of the wagon from striking or being struck by the train. The evidence is conflicting as to whether the bell was rung or whistle sounded, but admitting this was not done, the plaintiff was fully apprised of what the bell or whistle would have told him, to wit: that the train was at hand. He chose to try a race with it, and was beaten, and must bear the consequences of his own reckless folly.

*Judgment reversed.*