## Artz v. The Chicago, R. I. & P. R. R. Co.

1. Railroad: GIVING OF SIGNALS AT CROSSINGS. The giving of signals of each train approaching a crossing, by ringing the bell and blowing the whistle, is not required by our laws.

2. —— But where such signals are required by statute, the omission to give them will not render the company absolutely liable, unless injury results from such omission alone, without the negligence of the party injured.

3. —— Nor, on the other hand, will the absence of such statutory requirement excuse the company from giving such signals under all circumstances.

4. —— CONTRIBUTORY NEGLIGENCE  WHEN A QUESTION OF LAW Where a person knowingly about to cross a railroad track approaches it from a point where he may have an unobstructed view of the railroad, and know of the approach of a train a sufficient time to clearly avoid any injury from it, he cannot, as a matter of law, recover, although the railroad company may also have been negligent in omitting to perform a statutory requirement, or otherwise.

5. —— WHEN OF FACT. But if the view of the railroad, as the crossing is approached, is by any means so obstructed at the time as to render it impossible or difficult to learn of the approach of the train; or there were circumstances connected with the incident calculated to deceive or throw a person off his guard, then whether it was negligence on the part of the person injured in undertaking to cross, is a question of fact for the jury

| | |
|---|---|
| 34 | 153 |
| 80 | 177 |
| 34 | 153 |
| 89 | 79 |
| 34 | 153 |
| 92 | 626 |
| 34 | 153 |
| 112 | 161 |
| 34 | 153 |
| 118 | 355 |
| 34 | 153 |
| 120 | 118 |
| 120 | 665 |
| 34 | 153 |
| 125 | 272 |
| 34 | 153 |
| 143 | 615 |

*Appeal from Muscatine Circuit Court.*

FRIDAY, MARCH 29.

ACTION to recover for personal injuries to the plaintiff, caused by a collision of defendant's engine and train of cars with the plaintiff's wagon, in which he was riding, at a highway and railroad crossing. The plaintiff, in his petition, alleged his own care, the defendant's negligence, and the resulting injury. The defendant, by answer, denied the plaintiff's allegations specifically. There was a jury trial, with verdict and judgment for $5,000 for plaintiff. The defendant appeals. The facts are stated in detail in the opinion.

*Richman & Carskadden* for the appellant.

*W. F. Brannan, Cloud & Broomhall* for the appellee.

COLE, J. — The injury for which this action is brought was occasioned by a collision between the plaintiff's team,

1. RAILROAD: giving of signals at crossings. which he was driving, and the defendant's engine and train of cars going west, at a street and railway crossing in Moscow, about a quarter before nine o'clock in the evening of the 16th of April, 1870. The village of Moscow is about three miles west from Wilton, and the railroad and highway pass through both places. When they approach Moscow from the east, they cross three hundred and seventeen feet apart, a north and south public road, the highway running due west, at a distance of nine hundred and sixty-six feet from the point of collision; and the railroad, which is north of the highway, running southwest at a distance of ten hundred and ten feet from the same point. There is no obstruction in the view from the highway to the railroad,

between where they cross the north and south public road and where they cross each other at the point of collision, except two houses, one about fifty feet and the other about one hundred and ten feet west of the north and south public road; so that when a person is on the highway, six hundred and sixty feet east of the place of collision, he may have a full and unobstructed view of the railroad for ten hundred and ten feet east of its crossing of the highway, where the collision occurred; and the nearer such person approaches the crossing, the further his view of the railroad east is extended. The following plat, on a scale of three hundred feet to the inch, will render the foregoing description more intelligent:

The point of collision is A.
Distance from A to B, 966 feet.
Distance from A to C, 1010 feet.
Distance from A to G, 660 feet.
Distance from B to C, 317 feet.

The plaintiff had been a resident of Moscow for seventeen years, and had been accustomed to crossing the railroad track daily and frequently, during that time, at the place where the accident occurred. On the day of the accident he had, with his team and wagon, having a wood rack on

it, hauled a load of posts from Moscow to Wilton. As he returned, he was riding sitting on the wood rack, with his back toward the railroad. The wind, at the time, was blowing from the south-west, so that it would tend to carry the noise of the cars from him instead of toward him. The train was very nearly or perhaps exactly on time, ,possibly a little behind time ; the head light was burning, and the train was running at about its usual speed ; some of the witnesses think a little faster than usual. It was the regular express train and did not stop at Moscow, that not being a stopping point for that train. Just as the plaintiff got his horses over the track at the crossing, the engine struck his wagon, throwing it and him off the track and a considerable distance from it, breaking the plaintiff's leg and otherwise injuring him. The witnesses differ, as they generally do in such cases, as to whether the bell was rung and whistle blown. Some of the plaintiff's witnesses testify that they did not hear either the bell or whistle ; others, that they heard the bell, but not till after the engine passed the crossing ; while the defendant's witnesses testify positively to the ringing of the bell and blowing of the whistle at the usual place, a quarter of a mile from the crossing, and that the bell was rung continuously till after the train passed the crossing. The plaintiff's leg, which was broken, had, for several years prior thereto, been subject to frequent ulcerations ; and from this or other causes, the amputation of his leg was found necessary, some five or six weeks after the accident. During that time plaintiff suffered very much ; after the amputation he suffered but little, and his general health was improved. He lost the sense of hearing in his right ear and was cut on his head and lip.

The plaintiff testified that he both listened and looked for the train before he reached the crossing, but could not hear or see any thing of it. While his minister testified that he called upon plaintiff the morning after the accident,

and was told by him that, just before the accident, he was in a delightful state of mind, being in conversation with his father in heaven, and as he neared the crossing, his horses became restless, which caused him to look around, and, seeing the train, he whipped his horses to get across before it, and failed. There was some testimony tending (but slightly) to show that plaintiff was intoxicated.

The decided weight of evidence, as presented to us in the agreed abstract, appears to be in favor of the position that the bell was rung and whistle blown. But, yet, we would not feel authorized, under all the circumstances in this case, to disturb a finding by the jury that neither was done. Upon this proposition of fact, we may remark that we have no statute in this State, as obtains in many other States, requiring railroad companies to blow the whistle and ring the bell on each train as it approaches a highway crossing. *Spencer* v. *Illinois Central R. R. Co.*, 29 Iowa, 55. Even where such statute is in force, the omission to comply with it does not make the railroad company absolutely liable for an injury to one at a crossing where the signals are omitted, but only where the injury was caused without the contributory negligence of the person injured. In other words, when the injury results from the omission, is caused by it alone, the railroad company is liable, but not, if caused by the negligence of the injured person. *Steves* v. *The O. & S. R. R. Co.*, 18 N. Y. 422; *Havens* v. *The Erie R. R. Co.*, 41 id. 296; *Wilcox* v. *The Rome, W. & O. R. R. Co.*, 39 id. 358; *Reynolds* v. *Hindman*, 32 Iowa, 146. In the first of the cases just cited (18 N. Y.), it was held that the effect of the statute is to superadd a duty upon the corporation, the disregard of which avails the injured party no otherwise than its omitting any common-law duty in respect to care in running the train. See, also, *G. & C. U. Railway Co.* v. *Loomis*, 13 Ill. 548.

Nor, on the other hand, does the absence of any statutory requirement to ring the bell or sound the whistle excuse a railroad company from all obligation to do so under any and all circumstances. If the obstructions, for instance, at the crossing were such as to make it impossible for a person approaching it to see the train, and impossible or very difficult as to hearing it, in such and similar cases it would be the clear duty of a railroad company to ring the bell or sound the whistle so as to warn persons of the approach of the train, and an omission to do so, even in the absence of any statute requiring it, would be negligence, if so found by a jury, rendering the company liable for an injury resulting therefrom. See *Brown* v. *N. Y. C. R. R. Co.*, 32 N. Y. 597; *Beisiegel* v. *The N. Y. C. R. R. Co.*, 34 id. 622; *Ernst* v. *H. R. R. R. Co.*, 35 id. 9. These cases and others referred to in them show that where obstacles intervene, preventing a person from availing himself of the senses of hearing and seeing, the question of negligence is one of fact for the jury. But the case of *Skilton* v. *The London & N. W. Railway Co.*, C. P. 925, 16 L. T. 563, and 36 L. J. 249, and also found in English Digest, 1867, is somewhat at variance with the above cases. In that case it was held where one acquainted with the crossing found a freight train standing on the track nearest him, and waited for it to move up and out of the way, and then immediately started across the track and was killed by a down train on the farther track, that there was such evidence of contributory negligence on the part of the deceased as to justify a nonsuit.

There are various questions made by the appellant's counsel, upon the instructions given and refused. We 4.—— contribu-tory negli-gence: when a question of law. deem it unnecessary to examine them, for the reason that, in our judgment, the case must be finally determined upon the plain and undisputed facts of the case. The testimony shows, without

conflict, and upon this the counsel do not differ, that the railroad and highway are very nearly upon a level, and run substantially parallel for a considerable distance, and are in plain view of each other; that, for the distance of at least six hundred and sixty feet before the plaintiff reached the crossing, he could have an unobstructed view of the railroad and the trains upon it, for at least ten hundred and ten feet, and this distance of view would increase as he approached the crossing; that the plaintiff was familiar with the locality, and the train was about on time, and with the head-light burning.    This being true, we hold, as a matter of law, that the plaintiff cannot recover — since his own negligence must have directly contributed to the injury.

But, it is urged by the appellee's counsel that the plaintiff testifies that he did both look and listen to see and hear the train, but did not; and that this testimony shows that he was not guilty of contributory negligence, or, at the very least, it made that a question of fact for the jury. The difficulty, however, with the position is that the conceded or undisputed facts being true, this testimony cannot, in the very nature of things, be also true.    It constitutes, therefore, no conflict.    Suppose the fact is conceded that the sun was shining bright and clear at a specified time, and a witness, having good eyes, should testify that at the time he looked and did not see it shine.    Could this testimony be true?    The witness may have been told that it was necessary to prove in the case that he did look and did not see the sun shine; he may have thought of it with a desire that it should have been so; he may have made himself first believe it was so, and this belief may have ripened into a conviction of its verity, and, possibly, he even may testify to it in the self-consciousness of integrity. But, after all, in the very nature of things, it cannot be true, and hence cannot, in the law, form any basis for a conflict upon which to rest a verdict.    A man may possibly think he sees an object, which has no existence in

fact, but which it may be difficult, if not impossible, to prove did not exist or was not seen. But an object and power of sight being conceded, the one may not negative the other.

In this case the plaintiff had good eyes; the train was approaching him in the night, with the engine's head-light burning brightly; if the plaintiff looked, he must have seen it, or he must have looked very negligently and carelessly — in either case, he was necessarily, in the eyes of the law, guilty of contributory negligence, precluding his right to recover.

We have given to the cases upon this subject, in the different States, a somewhat extended examination, and almost without exception they concur in holding, that where a person, knowingly about to cross a railroad track, may have an unobstructed view of the railroad, so as to know of the approach of a train a sufficient time to clearly avoid any injury from it, he cannot, as a matter of law, recover, although the railroad company may have been also negligent, or have neglected to perform a statutory requirement. *Havens* v. *Erie Railway*, 41 N. Y. 296; *Ernst* v. *Hudson River Railroad Co.*, 39 N. Y. 61 (*i. e.*, 68); S. C., 35 id. 9; *Wilcox* v. *Rome, W. & O. Railroad Co.*, 39 id. 358; *Baxter* v. *Troy & Boston Railroad Co.*, 41 id. 502; *Nicholson* v. *Erie Railway Co.*, 41 id. 525; *Grippen* v. *New York Central Railroad Co.*, 40 id. 34; *Gonzales* v. *New York & Harlem Railroad Co.*, 38 id. 440; *Wilds* v. *Hudson River Railroad Co.*, 29 id. 315; S. C., 24 id. 430; *Morris & Essex Railroad Co.* v. *Henton*, 4 Vroom. (N. J.) 189; *Runyan* v. *Central Railroad Co.*, 1 Dutch. (N. J.) 558; *Chicago & Alton Railroad Co.* v. *Fears*, 53 Ill. 115; *Lafayette & Ind. Railroad Co.* v. *Huffman*, 28 Ind. 287; *Pittsburg & Ft. Wayne Railroad Co.* v. *Vinning*, 27 id. 513; *Toledo & Wabash Railroad Co.* v. *Goddard*, 25 id. 185; *Steves* v. *Oswego & Syracuse Railroad Co.*, 18 N. Y. 422; *Sheffield* v. *Rochester & S.*

*Railroad Co.*, 21 Barb. 399; *Brooks* v. *Buffalo & N. F. Railroad Co.*, 25 id. 600; *Chicago, Rock Island & Pacific Railroad Co.* v. *Still*, 19 Ill. 499; *C. C. & C. Railroad Co.* v. *Terry*, 8 Ohio St. 570; *Evansville & C. Railroad Co.* v. *Hiatt*, 17 Ind. 102; *Illinois Central Railroad Co.* v. *Buckner*, 28 Ill. 303; *North Pennsylvania Railroad Co.* v. *Heilman*, 49 Penn. St. 60; *Harlem Railroad Co.* v. *Coyle*, 5 P. F. Smith, 396; *Chicago & A. Railroad Co.* v. *Gretzner*, 46 Ill. 74.

But, if the view of the railroad, as the crossing is approached upon the highway, is obstructed by any means, 5. —— when of so as to render it impossible or difficult to learn fact. of the approach of a train, or there are complicating circumstances calculated to deceive or throw a person off his guard, then, whether it was negligence on the part of plaintiff or the person injured, under the particular circumstances of the case, is a question of fact for the jury: If he was negligent, he cannot recover; if he was not, he may recover. *O'Mara* v. *Hudson River Railroad Co.*, 38 N. Y. 445; *Renwick* v. *New York Central Railroad Co.*, 36 id. 132; *Beisiegel* v. *New York Central Railroad Co.*, 34 id. 622; *Telfer* v. *Northern Railroad Co.*, 30 N. J. 188; S. C., 3 Am. Law Reg. (N. S.) 665; *Indianapolis, P. & C. Railroad Co.* v. *Keeley*, 23 Ind. 133; *Evansville & C. Railroad Co.* v. *Lowdenwick*, 15 id. 120; *Galena & C. Union Railroad Co.* v. *Dill*, 22 Ill. 264; *Tabor* v. *Missouri Valley Railroad Co.*, 46 Mo. 353; S. C., 2 Am. Rep. 517; *Kennayde* v. *Pacific Railroad Co.*, 45 Mo. 255; *Milwaukee & C. Railroad Co.* v. *Hunter*, 11 Wis. 160.

Reversed.