AT

DES MOINES, OCTOBER TERM, A. D. 1887,

IN THE FORTY-FIRST YEAR OF THE STATE.

PRESENT:

HON. AUSTIN ADAMS, CHIEF JUSTICE.
  "   WILLIAM H. SEEVERS, ⎫
  "   JOSEPH R. REED,     ⎬ JUDGES.
  "   JAMES H. ROTHROCK, ⎪
  "   JOSEPH M. BECK.    ⎭

---

REYNOLDS v. THE CITY OF KEOKUK.

1. **Personal Injury:** NEGLIGENCE: EVIDENCE: INFERENCE FROM INSTINCT OF SELF-PRESERVATION. In an action for a personal injury through the alleged negligence of another, where the person injured is living, and does or can testify to the facts and circumstances, and in what manner the injury was received, *held* that the natural instinct which leads all rational persons to avoid injury, as far as possible, to their persons, is not to be considered as an element of evidence tending to establish the want of contributory negligence on the part of the person injured. (*Dunlavy v. Chicago, R. I. & P. R'y Co.*, 66 Iowa, 435, and *Whitsett v. Same*, 67 Id., 150, followed. *Greenleaf v. Ill. Cent. R'y Co.*, 29, Id., 14, and *Way v. Same*, 40 Id., 341, in which cases the injured persons were dead, distinguished.)

2. **Practice on Appeal:** ERROR: PREJUDICE PRESUMED.  Where an error has been committed on a trial, prejudice will be presumed, unless the contrary affirmatively appears,

3. **Verdict:** MUST FOLLOW INSTRUCTIONS.  The instructions, whether right or wrong, are the law for the jury, and a verdict in conflict with the instructions should be set aside.

*Appeal from Lee District Court.*

TUESDAY, OCTOBER 4.

ACTION to recover damages for personal injuries sustained by plaintiff, caused by a defective sidewalk.  Trial by jury, verdict and judgment for the plaintiff, and defendant appeals.

*Anderson, Davis & Hagerman,* for appellant.

*Miller & Son,* for appellee.

SEEVERS, J.—I.   At the request of the plaintiff, the court gave the jury the following instruction: "The natural instinct which leads all rational persons to avoid injury to their persons, as far as possible, is an element of evidence proper for the consideration of the jury, with all the outstanding circumstances introduced as evidence on the question whether the plaintiff was or was not, at the time of her injury, exercising ordinary care and prudence."   The plaintiff was a witness in her own behalf, and, in two cases recently determined by this court, instructions identical in substance with the foregoing were condemned.  *Dunlavy v. Chicago, R. I. & P. R'y Co.,* 66 Iowa, 435; *Whitsett v. Same,* 67 Id., 150.   These cases are clearly distinguished from *Greenleaf v. Ill. Cent. Railroad Co.,* 29 Iowa, 14; *Way v. Same,* 40 Id., 341.   In these last cases the person injured was dead; and what caused his death, or the facts tending to show contributory negligence on his part, or the reverse, did not clearly and certainly appear; and therefore the instinct of self-preservation, it was held, was a circumstance which the jury were entitled to consider.   But where the person injured is living, and does

*[margin note: 1. PERSONAL injury: negligence: evidence: inference from instinct of self-preservation.]*

or can testify to the facts and circumstances, and in what manner the injury· was received, then there is no reason why the inference arising from the instinct of self-preservation should be indulged.

Counsel for the appellee insist that the instruction above quoted does not conflict with the rule established in the fore-going cases, and, if it does, that no prejudice resulted therefrom. But we think otherwise. The rule is that, where there is an error, a presumption of prejudice arises which cannot be disregarded, unless the record discloses affirmatively, and the court is satisfied, that the error was not prejudicial. Counsel fail to indicate where it affirmatively appears of record that the instruction given was not prejudicial, and we are of the opinion that it must be regarded as clearly prejudicial. We are also of the opinion that the instruction is clearly and directly in conflict with the cases above cited.

*2. PRACTICE on appeal: error: prejudice presumed.*

II. The evidence tended to show that the plaintiff was walking with another person, and stepped into a hole in the sidewalk, and was thereby injured. The court instructed the jury as follows: "If there was not room for two girls, arm in arm, walking close together, to pass on either side of the hole in the crossing, then you will find for the defendant, if you find plaintiff and another were so walking." This instruction was the law of the case, and, right or wrong, should have been followed by the jury; and in our opinion the verdict is clearly in conflict with this instruction. Whether the instruction was proper or improper we do not determine. It was the duty of the jury, in either case, to follow it.

*3. VERDICT: must follow instructions.*

Counsel for the appellant ask us to determine whether,· under the evidence, the plaintiff is entitled to recover, and whether the verdict is in conflict with paragraphs Nos. 12 and 14 of the charge of the court, which present, in substance, the same question. As to these questions we are not agreed, and, as the evidence may not be the same on another

trial, therefore it is thought best by a majority of the court that we should not undertake to determine what may be wholly immaterial.

Several other questions in relation to challenges to certain jurors, and also to the panel, and in relation to the introduction and exclusion of evidence, are discussed by counsel, but, as these questions may not arise on another trial, we do not determine them.

For the errors above indicated the judgment of the district court is

REVERSED.