JAMES THOMPSON, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

The giving of the signals required by law upon a railroad train approaching a street crossing, does not, under all circumstances, render the railroad company free from negligence. Where the evidence tends to show that the train was being run at an undue, improper and highly dangerous rate of speed through a city or village, the question of negligence is for the jury.

(Argued June 20, 1888; decided June 26, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 17, 1884, which affirmed a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial.

This action was brought to recover damages for alleged negligence, causing the death of plaintiff's team of horses, which were killed at a street crossing on defendant's road.

The following is the opinion :

" The nonsuit in this case should be set aside and a new trial granted. Upon the facts, as developed in the evidence, on the part of the plaintiff, there was a question of fact which should have been submitted to the jury. The evidence of the driver of the horses is, that he looked up and down the track when he came within a hundred feet of it, and saw nothing to prevent his crossing in safety. When within sixty feet he looked again, both ways, to the north and to the south, and still saw nothing. Approaching somewhat nearer the track he, for a third time, looked to the south and saw nothing, and was in the act, for the third time, of looking to the north when his attention was for a moment diverted towards a boy in front of his horses, and, as he says in one portion of his evidence, the boy was on the track on the east, as he was approaching, or on the west track, and when he first saw him the boy was perhaps twenty feet off but moving recklessly towards him. His attention was thus momentarily diverted from looking to the north for the third time, and his horses' heads were but four feet from the west track, when he heard the whistle of the engine and looked and saw a train

coming from the north 300 or 400 feet distant. His horses were in motion and so near the track that he could not stop them, although going very slowly, scarcely off a walk, until they got on to the down track; and before he could get them off the engine struck them and they were instantly killed.. In all this we do not see that the plaintiff's driver was, as matter of law, guilty of negligence.

"One who approaches a railroad crossing must exercise due care and caution. He must, before crossing, look, when looking will do any good, both ways, and must cross only when he perceives that it can be done without danger in coming in collision with a train then in sight or within hearing. There is no special distance at which this looking must be done, but. each case must necessarily depend largely upon its own facts. Here the plaintiff's driver looked twice up and down the track before attempting the crossing, once at a distance of a hundred and once at sixty feet from the tracks, and had looked a. third time to the south, and was about looking a third time to the north when his attention was taken up for a moment by the sight of the boy. It cannot be that a failure for a second or two to look a third time up the track made him guilty of negligence as a legal proposition and rendered it proper to take that question from the jury.

"It is said the defendant was not guilty of any negligence, as there was no proof of a failure to ring a bell or blow a. whistle within the statutory distance.

"The accident happened near the Tremont station in West-chester county, but it is apparent from the whole evidence that it was at a crossing made by a public street, and that it. was in a tolerably thickly populated part of the country, and it might well be a question for the jury whether the defendant was or was not, upon all the facts, guilty of negligence in running its train at the very great speed claimed, on the part of the plaintiff, through such a portion of the country.

"The giving of the signals required by law does not, under all circumstances, render the defendant free from negligence. if it ran its train at an undue and what might be found

to be an improper and highly dangerous rate of speed through a village or city more or less densely populated.

"Both questions, as to the negligence of plaintiff's driver and as to that of the servants of defendant, should have been submitted to the jury; and for the error in refusing such submission the judgment should be reversed and a new trial granted, costs to abide the event."

*Nelson J. Waterbury* for appellant.

*Frank Loomis* for respondent.

PECKHAM, J., reads for reversal.
All concur.
Judgment reversed.