B. F. WINEY, Appellant, v. CHICAGO, MILWAUKEE & St. PAUL RAILWAY COMPANY.

**Pleading and Practice.** Where negligence is asserted, and it is pleaded in separate counts that it injured plaintiff's wagon and his person, it is error to charge that a general denial puts it upon plaintiff to prove *all* the allegations of his petition. He ought to be allowed a recovery upon proof that his person was injured, though he failed to prove damage to his wagon.

ERROR NOT CURED by charge allowing recovery upon proof of any one of several allegations of negligence. That is not saying that proof of any one item of damage allows recovery for that item; and if the true rule had, also, been stated, the instructions would have been contradictory.

4 Railroad Crossing. An instruction that a failure to look and lis-
ten "at all points in his passage" is contributory negligence, is errone-
ous upon any state of facts, and will reverse though the evidence is
not up.

*Appeal from Crawford District Court.*—HON. G. W. PAINE, Judge.

FRIDAY, DECEMBER 14, 1894.

ACTION at law to recover damages for the destruction of a wagon belonging to plaintiff, and for personal injuries inflicted upon him through the alleged negligence of the defendant. Trial to a jury, verdict and judgment for defendant, and plaintiff appeals.— *Reversed.*

*P. E. C. Lally* and *J. P. Conner* for appellant.

*T. J. Garrison* and *John N. Baldwin* for appellee.

DEEMER, J.—I. The plaintiff's petition is in two counts. In the first he seeks to recover for damages done to his wagon, which he alleges was struck and injured at a highway crossing on defendant's line of road, through the negligence of defendant, and in the second for injuries done to his person, loss of time, etc., by reason of the collision. The alleged grounds of negligence are: *"First*, the failure of the defendant to sound the whistle or ring the bell of the locomotive engine of the train before reaching the crossing where the injury occurred; *second*, because the defendant had constructed and allowed to stand along the north side of the track a fence which obstructed the view of the track and engine to one passing from the north, and up to and across the defendant's track at the crossing where the injury occurred; *third*, because the defendant allowed a high embankment of earth to accumulate and remain on the

north side of the track, and east of the crossing, which obstructed and prevented a sight of the train from the east, coming toward and up to the crossing where the accident occurred, to one passing from the north up to and across the defendant's track on the highway where the collision took place." The court in its instructions, among others, gave the following: "(1) The answer of the defendant, being a general denial, puts in issue all the allegations contained in the plaintiff's petition and amendment thereto, except the corporate character of the defendant; and the burden is on the plaintiff to establish all the other allegations so made by him by a preponderance of the evidence, and, if he has failed to do so, then your verdict should be for the defendant." This instruction was clearly wrong, in this: that it required plaintiff to prove, not only that his wagon was damaged and he injured in person, but each and all of the alleged negligent acts, before he could recover. The instruction plainly says that, unless he does so, the verdict should be for defendant. True it is that in other instructions the rule was given that plaintiff would be entitled to recover if he proved any one of the several allegations of negligence; but nowhere do we find it stated that he might recover for damages done to his wagon, without proof that he was also injured in person. Had the true rule been announced in subsequent instructions, then the whole would be subject to the objection that they are contradictory. In the case of *Harley v. Brick Co.*, 83 Iowa, 73, 48 N. W. Rep. 1000, an instruction very similar to the one in question was disapproved; and it has frequently been held that contradictory instructions are erroneous. See *Hawes v. Railway Co.*, 64 Iowa, 315, 20 N. W. Rep. 717; *Conway v. Railway Co.*, 50 Iowa, 465; *Hart v. Railway Co.*, 56 Iowa, 166, 7 N. W. Rep. 9, and 9 N. W. 116; *Brown v. Bridges*, 31 Iowa, 138.

II.   The court instructed the jury, in the twelfth paragraph of its charge, as follows:   "The railroad track in question was itself a warning of danger to the plaintiff when he went upon it, and it was the duty of the plaintiff, in approaching the crossing, to exercise his reason and his senses of hearing and seeing to save his team and himself from injury; and if he fails to show by the preponderance of the evidence that he did so, and you find that in consequence thereof the plaintiff was injured, or if such failure in any degree contributed to such injuries, the plaintiff can not recover. *It was not only his duty to look and listen for approaching trains at all points in his passage*, but, if the view or the sound of the train was obstructed by snow-fences or the unevenness of the surface of the ground, it was his duty to stop his team at a point which due care pointed out as the most favorable, and look and listen for trains; and if in any of these things the plaintiff was negligent, and such negligence caused or contributed to the injuries he complains of, he can not recover."   The words we have italicized make it the duty of a person to look and listen for approaching trains *at all points* in his passage, and hold him guilty of contributory negligence if he fails.   This rule is too broad—*First*, because it usurps the province of the jury; and, *next*, because it requires the traveler to keep his eyes constantly upon the track for trains at all points leading to its passage, whether the view of the track is obstructed or not.   The rule no doubt is that if the traveler, having looked and listened without seeing or hearing an approaching train within a reasonable distance of the crossing, is, by reason of a neglect of the railroad company to blow the "statutory" whistle, run upon and injured, liability attaches therefor; and if the view of the track is obstructed by any means, so as to render it impossible or difficult to learn of the approach of a train, or there are complicating circum-

stances calculated to deceive or throw a person off his guard, then whether it is negligent on the part of the traveler who fails to look and listen is a question of fact for the jury to determine from the circumstances of each particular case. 2 Wood, R. R., p. 1518; *Artz v. Railway Co.*, 34 Iowa, 153; *Reed v. Railway Co.*, 74 Iowa, 188, 37 N. W. Rep. 149; *Schmidt v. Railway Co.*, 75 Iowa, 606, 39 N. W. Rep. 916; *Nosler v. Railway Co.*, 73 Iowa, 268, 34 N. W. Rep. 850. We do not have the evidence in the case, and it may be that failure to instruct with reference to the duty of the plaintiff where his view was obstructed was error without prejudice; but under any possible view of the testimony it was error to require plaintiff to look constantly for trains "at all points in his passage."

III. It is insisted on the part of the appellee that as we do not have the testimony in the case, and are therefore unable to determine what the facts are, we should presume the errors, if any, in the instructions, were without prejudice. It is no doubt true that where correct instructions are given with reference to a supposed state of facts, and the evidence is not presented to this court, we will presume there was evidence to support the instructions; but where, as in this case, instructions are given which would be erroneous when applied to any state of facts, prejudice will be presumed, and it is for the appellee to show that none resulted. *Hibbard v. Zenor*, 75 Iowa, 471, 39 N. W. Rep. 714; *Hall v. Railway Co.*, 84 Iowa, 311, 51 N. W. Rep. 150; *Strobel v. Moser*, 70 Iowa, 126, 29 N. W. Rep. 821; *Potter v. Railway Co.*, 46 Iowa, 404; *George v. Railway Co.*, 53 Iowa, 504, 5 N. W. Rep. 615; *Reynolds v. City of Keokuk*, 72 Iowa, 371, 34 N. W. Rep. 167.

IV. Error is predicated upon the action of the court in overruling the motion for a new trial because of misconduct of one of the attorneys for the defend-

ant and of one of the jurors in the case. We do not think the plaintiff established the alleged misconduct. His suspicions were entirely unfounded. We are united in the conclusion that, for the errors above pointed out, the judgment must be REVERSED.