CHARLES F. LORENZ, Administrator of the Estate of Martin Lorenz, Deceased, v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY, Appellant.

Negligence: *Jury question.* Where, in an action for the killing of plaintiff's decedent at a railway crossing, the evidence as to
1   whether defendant's train gave the proper signals was conflicting, the question of negligence was for the jury.

CONTRIBUTORY NEGLIGENCE: *Jury question.* Where plaintiff's decedent was struck by defendant's train at a street crossing while
2   decedent was attempting to drive back a cow which had escaped from him, his failure to look and listen was not contributory negligence, as a matter of law, but the question was for the jury.

SAME: *Instructions.* An instruction that it was decedent's duty to exercise such care for his own safety as a person of ordi-
3   nary care would exercise "in a case of like danger," was not open to the objection that it imposes merely "ordinary" care on a person approaching a railway track.

*Appeal from Floyd District Court.*—HON. J. F. CLYDE, Judge.

SATURDAY, JANUARY 25, 1902.

Action to recover damages for the death of plaintiff's intestate, alleged to have been caused by negligence of defendant. Verdict for plaintiff. From judgment theron. defendant appeals.—*Affirmed.*

*Ellis & Ellis* and *S. K. Tracy* for appellant.

*P. W. Burr* for appellee.

McClain, J.—Deceased was struck by a train on defendant's road at a street crossing, and instantly killed. At the time of the accident he was attempting to head off and drive back a cow which had escaped from his control, and had gone along the street to the crossing and stopped there. Her stopping was due to the barking of a dog which had met her, and continued to obstruct her progress and to bark violently at her while deceased was approaching. There is a conflict in the evidence as to whether proper signals were given by the engineer in charge of the train, and therefore the question of defendant's negligence was properly for the jury. It is also claimed that the train was negligently run at a high rate of speed. The contention of appellant is that deceased was plainly, and as a matter of law, shown to have been guilty of contributory negligence in being on the track before the approaching train at a place where he might, by reasonable care in looking and listening, have seen the danger and escaped it, and that therefore the lower court erred in not directing a verdict for defendant. It is further contended that the court erred in instructing the jury in such a way as to allow them to determine whether the facts and circumstances surrounding the accident were of such a dangerous, complicated and confusing character as would be calculated to cause a person of ordinary prudence and caution, under the same conditions, to forget for the instant his dangerous position. It is to be

borne in mind that one who is guilty of contributory negligence in connection with his injury is precluded from recovering for such injury not because of a direct breach of duty towards the person whose negligence has primarily caused the injury, but because he cannot recover for an injury to which his own fault has in any way contributed. The negligence of the one party and the contributory negligence of the other are wholly distinct and independent considerations, and the contributory negligence of the person injured may preclude recovery by him, although it had no influence or effect whatever on the party causing the injury, or, for that matter, was entirely unknown to him. Therefore, in determining what constitutes contributory negligence, we are not to consider what care the person causing the injury had reason to suppose the other person would use, but only whether the person injured did use the care which the circumstances required of him. Now, while the rule is well settled in this state, and generally elsewhere, that it is contributory negligence for a person to go upon a railway track without looking or listening to ascertain whether there is danger from an approaching train, yet his duty in that respect is to exercise the care which reasonably prudent persons would exercise under such circumstances. The duty to look and listen is not an absolute one, but one the exercise of which is dependent on conditions. Certainly a person who should rush to rescue a child from danger on a highway, due to an approaching runaway team, might be excused for not stopping to look and listen for a possible train on a railway track which he must cross in order to reach the child. The qualification of the rule which justifies the taking into account of the surrounding circumstances in determining whether there was negligence in failing to look and listen is well established. *Howland v. Railway Co.,* 150 Mass. 86 (22 N. E. Rep. 434); *Wasmer v. Railroad Co.,* 80 N. Y. 212 (36 Am. Rep. 608); *Thompson v. Railroad Co.,* 110 N. Y. 636 (17 N.

E. Rep. 690); *Kane v. Railroad Co.,* 128 U. S. 91 (9 Sup. Ct. Rep. 16, 32 L. Ed. 339). And this qualification has been recognized by this court. *Funston v. Railway Co.,* 61 Iowa, 452; *Lichtenberger v. Incorporated Town of Meriden,* 91 Iowa, 45. The question whether, then, in view of the purpose with which deceased went upon the track, and the circumstances under which he did so, he was exercising the reasonable care which an ordinarily prudent man would exercise under the circumstances, was for the jury. We do not mean in any way to question the rule, well established, that where a traveler on a highway approaches a railway track for the purpose of crossing it, it is his duty to look and listen for approaching trains, and if it appears without conflict in the evidence that he failed, without reason, to do so, and that had he done so he would have discovered the danger, he is not entitled, as a matter of law, to recover for injury received from being struck by the train. But this is a different case, and the right of plaintiff to recover was properly left for the determination of the jury on the evidence.

Counsel for appellant criticise the instructions of the court on the the theory that a person approaching a railway track is bound to use more than ordinary care, but the instructions are not open to the criticism which is made. The court did not tell the jury merely that deceased was required to use ordinary care and vigilance with reference to his own safety, but correctly stated that it was his duty to "exercise such care and vigilance for his own safety as a person of ordinary care and prudence would exercise in a case of like danger." No doubt, an ordinarily prudent and careful person would exercise much greater vigilance with reference to his own safety in approaching a railway crossing than though he were approaching a crossing of two highways, but in each case the vigilance required is that which an ordinarily careful and prudent person exercises under such circumstances.—Affirmed.