Ella Selensky v. The Chicago Great Western Railway Company, Appellant.

Railroads: ACCIDENT AT CROSSING: SIGNALS: EVIDENCE. In an
1 action for damages occurring at a railway crossing, the testimony of witnesses who were in a position to hear, that they heard no crossing signal, and of another that he did hear signals, creates a conflict of evidence which it is the province of the jury to determine.

Positive and Negative Testimony. The testimony of witnesses
2 that they did not hear a signal, who have the same opportunity for observation as those who say the signal was given, is not negative but positive, and entitled to equal weight with the affirmative statement.

Contributory Negligence: REASONABLE CARE. Where there is
3 evidence of obstruction of a railway crossing which raises a doubt whether plaintiff could or could not in the exercise of reasonable care have avoided the accident, the question of contributory negligence should be submitted to the jury.

Same; INSTRUCTION. An instruction which assumes that plaintiff
4 knew that the view of an approaching train was obstructed and therefore it was her duty to stop and look and listen, where from the evidence such obstruction is an open question, should not be given.

Vol. 120 Iowa.—8.

**Special Instruction.** A special instruction which is sufficiently covered by the general instructions need not be given.

**Evidence in Chief:** ADMISSIBLE TO CONTRADICT. The evidence in chief of a witness that immediately after an accident he accused the conductor of a failure to sound the crossing signal, to which no response was made, is admissible to contradict the conductor in case he should testify that the signal was given, if guarded by proper instructions.

*Appeal from Bremer District Court.*—HON. CLIFFORD P. SMITH, Judge.

FRIDAY, APRIL 10, 1903.

ACTION to recover damages for personal injuries received at a highway crossing as the result of a collision with defendant's train. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Long, Hagerman & Farwell* and *Miller & Williams* for appellant.

*Sager & Sweet* for appellee.

McCLAIN, J.—The collision occurred at a grade crossing. Plaintiff relied on evidence that the defendant's employes were negligent in the operation of the train, in that they failed to give the crossing signals as required by statute. For defendant it was contended that the crossing signals were given, and that plaintiff was not free from contributory negligence; having driven upon the crossing without taking proper precautions to ascertain whether a train was approaching.

The employes of defendant in charge of the train at the time of the accident, and other witnesses, testified to hearing the signals, while plaintiff and her husband, who was not with her in the conveyance, but was not far away from the crossing, and other witnesses who were in the neighborhood of the crossing at the time of the accident, testified that the

1. ACCIDENT at crossing: signals: evidence.

crossing signal was not given, and that the first signal was the danger signal, when the engineer saw the plaintiff about to drive across the track. Counsel for appellant invoke a rule which has received countenance in some cases in this state and elsewhere, to the effect that, as between positive evidence on the part of witnesses who are in a position to hear that a signal is given, and negative evidence on the part of other witnesses, similarly situated, that they have heard no such signal, there is not a conflict in the evidence; the so-called negative evidence having no weight as against the positive evidence of those who testified that they actually heard the signal. But it appears in this case that the plaintiff was looking out for signals, realizing that the crossing was a dangerous one, and knowing that a train was due about that time; that her husband knew that plaintiff would reach the crossing about that time, and was also on the lookout for any indications of an approaching train; that another witness heard the signal of the train about two miles away, and then the danger signal, but did not hear any signal at the whistling post. Under the circumstances, we think that the testimony of witnesses who were thus in a situation to hear, and likely to have heard, a crossing signal, if one had been given, that they did not hear any such signal, cannot be entirely ignored and treated as of no weight because opposed to the testimony of witnesses who say that a signal was actually given, or that they heard such a signal given. *Annaker v. Chicago, R. I. & P. R. Co.*, 81 Iowa, 267; *Lee v. Chicago R. I. & P. R. Co.*, 80 Iowa, 172; *McMarshall v. Chicago R. I. & P. R. Co.*, 80 Iowa, 757; *Reed v. Chicago St. P., M. & O. R. Co.*, 74 Iowa, 188. In the case of *Payne v. Chicago & N. W. R. Co.*, 108 Iowa, 188, it is said the fact that plaintiff and others did not hear the crossing whistle sound did not even create a conflict with positive evidence that the signals were given; but the facts in that case were different, for it appeared that the witnesses for

plaintiff who testified they did not hear the crossing signal were not in a situation to hear, or were not noticing for the purpose of hearing such a signal. We cannot say in this case that there was no evidence as to defendant's negligence. Nor can we say that the question was not properly submitted to the jury.

The court was asked, in behalf of defendant, to instruct the jury that the testimony of witnesses that they did not hear the signals, or that such signals were not 2. POSITIVE and given, was negative evidence, entitled to less negative testimony. weight than the affirmative evidence of witnesses who testified that the signals were given, or that they heard them. This instruction was properly refused. As between two witnesses listening at the same time for a signal, the testimony of one that no signal was given is just as much affirmative evidence as the testimony of the other that it was given. As already indicated, the rule has no application as between witnesses having equal means and opportunity of observation, and giving the matter equal attention.

It is contended that plaintiff was, under the evidence, as matter of law, conclusively shown to be guilty of contributory negligence in going upon the track at a place of 3. CONTRIBU- danger. It does appear that at one place, as TORY negligence: reason- she approached the railway crossing, she could able care. have seen the train, and that at no place did she stop to look or listen, and that before she had become aware of the approach of the train she had driven on a slow trot towards the crossing, until she was too near to avoid the danger by stopping her horse. But it is not, as matter of law, negligent in one approaching a highway crossing to fail to stop, unless there are circumstances which would indicate that stopping was essential in ascertaining whether there was danger. *Moore v. Chicago, St. P. & K. C. Ry. Co.* 102 Iowa, 595. It is true that, if the view of the track had been unobstructed, the testimony of the

plaintiff that she looked and listened would be so mani-
festly inconsistent with and overcome by the evidence that
she drove into a place which was dangerous on account of
the approach of a train which she could not have failed to
see and hear had she used her senses, that the court would
disregard it. But on the other hand, if the plaintiff knew
the view to be obstructed, it would be her duty to look out
for an approaching train by exercising reasonable care, in
view of the obst uction; and, under such circumstances, it
might be necessary to show that she stopped for the pur-
pose of looking and listening. *Crawford v. Chicago G. W.
Co.*, 109 Iowa, 433; *Haughton v. Chicago & G. T. R. Co.*,
99 Mich. 308 (58 N. W. Rep. 314). Plaintiff testifies, how-
ever, that she did list n, and could have heard the crossing
signal, had it been given, and could, with such warning,
have escaped the danger. There is also testimony that she
ought to have seen the train approaching, while, on the
other hand, there is evidence tending to show that at that
time the bank along the railroad track was so grown up
with weeds that it was impracticable for her to see the
train. The conflict in the testimony as to this fact made
the case one proper for submission to the jury. When, by
reason of obstructions or circumstances calculated to divert
the mind of one approaching the track, it is not manif stly
clear to every reasonable person that the plaintiff was
negligent (that is, if the question is one as to which reason-
able men may honestly differ) then the case is one for the
jury; and we think it clear that, in view of the partial
obstruction of the track, raising a doubt as to whether
plaintiff could or could not, in the exercise of reasonable
care, have seen the approaching train, and whether she
was exercising reasonable care in driving along the high-
way towards the crossing in the expectation of hearing
the crossing signal if the train should be near, it was not
error to submit the question of the plaintiff's contributory
negligence to the jury. *Artz v. Chicago, R. I. & P. R.*

*Co.*, 34 Iowa, 153; *Laverenz v. Chicago R. I. & P. R. Co.*, 56 Iowa, 689; *Funston v. C. R. I. & P. R. Co.*, 61 Iowa, 452; *Lorenz v. Burlington C. R. & N. R. Co.*, 115 Iowa, 377.

The considerations which have just been suggested also dispose of objections to the refusal of the court to give instructions asked. Those instructions were predicated on the assumption that plaintiff knew the view of the track to be so obstructed that she could not see an approaching train, and that it was therefore her duty to stop for the purpose of looking and listening. But as we have seen, it was an open question whether she could see an approaching train. The testimony for defendant tended to show that she could have seen the train if she had looked. If this testimony was to be believed, then the negligence was not in failing to stop, but in failing to look. There is no necessity of stopping where the view is unobstructed, and by simply looking, without stopping, it can be determined whether a train is approaching. Whether plaintiff was negligent in assuming that she could see and hear a train, if it was approaching, without stopping, in view of the nature of the obstruction, or partial obstruction of her sight by the weeds on the embankment, was clearly a question for the jury.

A special instruction was asked in view of testimony tending to show an admission by plaintiff, immediately after the accident, that she heard the train approaching, but thought that she could get across the track in safety. But this point is sufficiently covered by the general instruction that, if plaintiff saw or heard the train approaching in time to stop or turn and avoid the collision, she could not recover. Certainly the common sense of the jury would enable them to apply such an instruction to the evidence relied on, if they believed it to be true.

A witness who was allowed to testify for the plaintiff stated that immediately after the accident he spoke to the

trainmen, including the conductor, and charged them with

**6. Evidence in chief admissible to contradict.** not having whistled for the crossing, and that no response was made by the conductor or any one else to this accusation. The court explained to the jury that the witness was allowed to testify as to this statement to the conductor only as tending to contradict him if it should turn out that, as a matter of fact, he did testify that the signal by the whistle was given for the crossing; and the jury were told that they could only consider the statement of the witness if they found that the conductor heard what the witness said, and knew that it was addressed to him, and acquiesced in it. We think there was no error in this ruling. The court carefully guarded against the failure of the conductor to respond being taken as an admission of anything by the defendant, and the conductor did subsequently testify that the signal was given.

Other errors are assigned, but they seem not to be of sufficient importance to justify separate consideration. The case was properly presented to the jury by the court, and the judgment is AFFIRMED.