A. G. MARKLE, Administrator, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

No. 42497.

DECEMBER 11, 1934.

J. G. Gamble, R. L. Read and Ernest Hausberg, for appellant.

W. G. Henke and R. W. Zastrow, for appellee.

KINTZINGER, J.—The collision occurred on August 16, 1932, while decedent was engaged in hauling gravel from a pit to certain highway projects in Floyd county. The record shows that the crossing where the accident happened is located about a half mile north of the gravel pit. The decedent, with a number of others, had been hauling gravel from the pit and over the crossing in question for about three weeks prior to the accident and was familiar with the character of the crossing at the place of the collision. Prior to the day on which decedent was struck, his employer had maintained a flagman at the crossing for the purpose of warning gravel haulers of the trains passing along the track. This flagman was not on duty on the day of the accident. The first trip decedent made that day was in the afternoon. He was killed on this trip.

The highway in question runs north and south and is intersected by defendant's track running at an angle in a northwesterly and southeasterly direction. There were cuts along the railroad's right of way northwesterly of the crossing, one of these cuts being about 800 feet northwest of the crossing, extending about 300 feet southeasterly towards the crossing. The elevation of the track, 2,700 feet northwest of the crossing, is over 9 feet below the grade at the crossing with cuts between that point and the crossing. At that time the southerly side of the railroad right of way and the tops of the cuts were covered with trees, shrubs, and weeds so that the view of the railroad track and trains approaching thereon from the northwest was obscured from the view of travelers approaching the crossing from the south, until within 10 feet of the track. One of the witnesses testified that "the view is obstructed by a knoll and the weeds growing on top of it. You had to get almost to the railroad before you could see as far as 300 feet northwest of the crossing. *Until you got within six or eight feet from the south rail you could not see more than ten or fifteen feet to the northwest.*" The roadway south of the track on which the decedent was approaching the crossing was sandy, with an upgrade towards the track.

The evidence shows that before Markle reached the track he stopped his truck, put his left foot out on the running board, and leaned his head out of the cab and looked both ways. One witness testified that when he stopped he was twenty or forty feet from the track. Another witness testified that he "saw Markle's truck stop, saw him put his left foot out on the running board, and stick his head out of the cab. According to my observation he stopped between *ten and fifteen feet of the track.* Then he got back in the cab and started on, slowly. He got about half-way on the track when the train hit his truck." After the decedent started his truck he was traveling about two miles per hour towards the track. Several witnesses testified that there was no whistle, bell, or other warning sounded before the train hit the truck, and that no such warnings were sounded until after the collision.

Such is the substance of the evidence. At the conclusion thereof the defendant moved for a directed verdict upon the ground of decedent's contributory negligence. The motion was overruled and the case submitted to the jury with the resultant verdict. Hence the appeal.

It is conceded by appellant that there was sufficient evidence in the record to warrant the submission of this case to the jury upon the question of defendant's negligence. It is contended, however, that the lower court erred in submitting the case on the question of contributory negligence. Appellant contends that decedent, under the facts, was guilty of contributory negligence, as a matter of law. In a discussion on this question the evidence must be considered in that light most favorable to plaintiff. We have not yet adopted the rule in this state that a traveler is guilty of contributory negligence, as a matter of law, if he is struck on a crossing by a train, regardless of the facts under which the collision occurred. Love v. Ft. Dodge, D. M. & S. R. Co., 207 Iowa 1278, 224 N. W. 815; Laverenz v. C., R. I. & P. R. Co., 56 Iowa 689, 10 N. W. 268; Artz v. Chicago, R. I. & P. R. Co., 34 Iowa 153; Selensky v. Chicago G. W. R. Co., 120 Iowa 113, 94 N. W. 272; Bush v. Chicago, R. I. & P. R. Co., 216 Iowa, 788, 247 N. W. 647; Nederhiser v. Chicago, R. I. & P. R. Co., 202 Iowa 285, 208 N. W. 856; Glanville v. Chicago, R. I. & P. R. Co., 196 Iowa 456, 193 N. W. 548.

·Upon this question in Love v. Ft. Dodge, D. M. & S. R. Co., supra, loc. cit. 1282, we said:

"Embraced within this question is not the problem of determining with whom the preponderance of evidence may be; rather the situation presents the necessity of judicially saying that under the record the jury could find no evidence upon which a verdict could be based. If the appellee's own testimony is sufficient in this regard. it must be submitted to the fact-finding body; for a review of this nature contemplates that appellee's evidence shall be considered in the light most favorable to him. * * * Obviously, it cannot be said, as a matter of law, the effect of appellee's actions in the premises is so conclusive of his contributory negligence that the same is 'apparent to every fair-minded and reasonable man so but one conclusion may be fairly drawn therefrom.'"

In Artz v. Chicago, R. I. & P. R. Co., supra, loc. cit. 161, we said:

"But, if the view of the railroad, as the crossing is approached upon the highway, is obstructed by any means, so as to render it impossible or difficult to learn of the approach of a train, or there are complicating circumstances calculated to deceive or throw a person off his guard, then, whether it was negligence on the part

of plaintiff or the person injured, under the particular circumstances of the case, is a question of fact for the jury."

In Selensky v. Chicago, G. W. R. Co., supra, loc. cit. 117, we said:

"In view of the partial obstruction of the track, raising a doubt as to whether plaintiff could or could not, in the exercise of reasonable care, have seen the approaching train, and whether she was exercising reasonable care in driving along the highway towards the crossing *in the expectation of hearing the crossing signal if the train should be near*, it was not error to submit the question of the plaintiff's contributory negligence to the jury." (Italics ours.)

In Bush v. Chicago, R. I. & P. Co., supra, loc. cit. 793, we said:

"With the record showing that appellee's view was obstructed by the box cars on the siding so that it rendered it difficult or almost impossible to learn of the approaching train, the question of contributory negligence is one of fact and not of law."

This case calls for the application of the "reasonably prudent person" rule. Under that rule the decedent was under obligation to look and listen for approaching trains within a reasonable distance of the crossing but was not required to look at any particular distance therefrom. If under the evidence in this case the jury could find that the decedent stopped his truck within a reasonable distance from the track for the purpose of looking and listening, then he was not guilty of contributory negligence and the question was properly submitted to the jury.

It is impossible, as a matter of law, to say at what precise distance from a railroad track a traveler must stop to look and listen. This must be done within a reasonable distance from the track.

We cannot say, as a matter of law, that he should have driven his truck on an uphill, sandy road and stop it at a point exactly five or six feet from the track. Winey v. Chicago, M. & St. P. R. Co., 92 Iowa 622, 61 N. W. 218; Nederhiser v. Chicago, R. I. & P. R. Co., 202 Iowa 285, 208 N. W. 856; Davitt v. Chicago G. W. R. Co., 164 Iowa 216, 145 N. W. 483; Mitchell v. Union Terminal R. Co., 122 Iowa 237, 97 N. W. 1112; Glanville v. Chicago, R. I. & P. R. Co., 196 Iowa 456, 193 N. W. 548; Willfong v. Omaha & St. L. R. Co., 116 Iowa 548, 90 N. W. 358; Schulte v. Chicago, M. & St. P.

Ry. Co., 114 Iowa 89, 86 N. W. 63; Brossard v. Chicago, M. & St. P. R. Co., 167 Iowa 703, 149 N. W. 915; Barrett v. Chicago, M. & St. P. R. Co., 190 Iowa 509, 175 N. W. 950, 180 N. W. 670; Bush v. Chicago, R. I. & P. R. Co., 216 Iowa 788, 247 N. W. 645.

Appellant contends that it was decedent's duty to look and listen for the approaching train *at all points* in his approach towards the track and that his failure so to do would be contributory negligence. Such a rule was disapproved in Winey v. Chicago, M. & St. P. Ry. Co., supra, loc. cit. 625. In that case the lower court instructed the jury that:

"It was the duty of the plaintiff, in approaching the crossing, to exercise his reason and his senses of hearing and seeing to save * * * himself from injury; and if he fails to show by the preponderance of the evidence that he did so, and you find that in consequence thereof the plaintiff was injured, * * * the plaintiff cannot recover. *It was not only his duty to look and listen for approaching trains at all points in his passage,* but, if the view or the sound of the train was obstructed by snow fences or the unevenness of the surface of the ground, it was his duty to stop his team at a point which due care pointed out as the most favorable, and look and listen for trains."

In that case we said, loc. cit. 625:

"The words we have italicized make it the duty of a person to look and listen for approaching trains *at all points* in his passage, and hold him guilty of contributory negligence if he fails. This rule is too broad—first, because it usurps the province of the jury; and, next, because it requires the traveler to keep his eyes constantly upon the track for trains, at all points leading to its passage, whether the view of the track is obstructed or not. The rule no doubt is that if the traveler, having looked and listened without seeing or hearing an approaching train within a reasonable distance of the crossing, is, by reason of a neglect of the railroad company to blow the 'statutory' whistle, run upon and injured, liability attaches therefor; and if the view of the track is obstructed by any means, so as to render it impossible or difficult to learn of the approach of a train, or there are complicating circumstances calculated to deceive or throw a person off his guard, then whether it is negligent on the part of the traveler who fails to look and listen is a question of

fact for the jury to determine from the circumstances of each particular case."

In Nederhiser v. Chicago, R. I. & P. R. Co., supra, loc. cit. 289, we said:

"It is impossible to affirm the precise number of feet from a crossing at which a traveler must look and listen. The looking should be within a reasonable distance before going upon the crossing, and the duty to look is a continuing duty. We have held, however, that it is not negligence per se to fail to look at any particular point, and an instruction making it the duty of a traveler to look at all points in his passage has been condemned." In that case we also said: "When the jury could find that plaintiff looked and listened when within a reasonable distance of the crossing, a court ordinarily will not attempt to say, as a matter of law, that the traveler is guilty of contributory negligence because he did not look and listen again from some other designated point from which he might possibly or probably have discovered the train. We are not dealing with perfect care and caution on the part of the plaintiff, but with whether under all the attending circumstances she exercised ordinary care to protect herself from injury."

In Glanville v. Chicago, R. I. & P. R. Co., supra, loc. cit. 460, we said:

"The law does not fix any point at which the traveler must look and listen or be chargeable with contributory negligence."

In the recent case of Bush v. Chicago, R. I. & P. R. Co., supra, loc. cit. 793, we said:

"Certainly this court cannot say that a man is negligent as a matter of law if he stops, looks, and listens when only twelve feet from the tracks, and his view is obstructed at that point. We base our conclusion upon the fact that reasonable men would disagree as to the question of appellee's right to recover."

The facts in this case show that the decedent stopped at a point about ten or fifteen feet from the track where his view was obstructed. In view of our holding in the above cases, we cannot say that although the decedent stopped within ten or fifteen feet of the track he was guilty of contributory negligence, as a matter of law, in not stopping again.

It is urgently contended that this case is governed by the "physical-fact rule" and that under it the deceased was guilty of contributory negligence, as a matter of law, because he did not stop again when he came within six or eight feet of the track. Defendant's contention might be correct if the evidence showed as a matter of fact that when the decedent stopped his truck he could have seen the train approaching had he looked. The testimony, however, shows that it was impossible for him to see the train approaching from a point more than six or eight feet from the track. In the case of Nederhiser v. Chicago, R. I. & P. R. Co., 202 Iowa 285, loc. cit. 290, 208 N. W. 856, we said:

"The physical-fact rule has been applied by this court where the train must have been in plain sight when the party looked, or claimed to have looked, and his angle of vision enabled him to see the train had he looked."

The question therefore arises: Was the decedent acting as a reasonably prudent person in attempting to discover the approaching train in the manner shown by the evidence? Under the most favorable light of the evidence, the jury could find that plaintiff stopped his truck ten or fifteen feet from the track; that at that point he stepped on the running board, and stuck his head out of the cab, and looked both ways and listened; that the train was not visible, and that he heard no signal or warning of an approaching train. If a reasonably prudent person under such circumstances would be justified in concluding that no train was approaching, then the question of decedent's contributory negligence was peculiarly one for the jury. After he stopped, looked, and listened, without seeing or hearing any train approaching, he started his truck towards the crossing. He had to drive through sand on a slight upgrade. Defendants contend that he should have stopped his truck again when he was six or eight feet from the track where he could have seen the train. It is fair to assume that if he had stopped when *he* was six or eight feet from the track, the front end of his truck would be practically on the track, or in very dangerous proximity thereto. It is a matter of common knowledge that the sides of a train are not flush with the rails, but extend out a foot or more beyond the track. This would put him closer to the zone of danger than the track, and his view would therefore be obstructed until he came within five or six feet from the danger zone. After stopping within ten or fifteen feet

of the track, he started toward the track at the rate of two miles an hour. The point from which he could first see an approaching train being only five or six feet from the danger line, he could cover this distance in about two seconds. It can hardly be contended that under such circumstances, a person would be guilty of contributory negligence, as a matter of law, in not so doing.

Under the doctrine of contributory negligence, it is not necessary for plaintiff to show that he exercised the highest degree of care, or that the care exercised by him was perfect. He was only required to exercise ordinary care. Under the facts in this case, the jury would have been warranted in finding that the decedent, after stopping within a short distance of the track, and looking and listening for an approaching train, acted as a reasonably prudent person. The crossing in question was obstructed in such a manner as to make it practically impossible to see the approaching train until it was almost upon him. These facts bring it within the rule announced in the cases hereinabove referred to. The question of contributory negligence was for the jury.

We believe the action of the lower court in submitting this question to the jury was right, and its judgment is hereby affirmed.

MITCHELL, C. J., and KINDIG, STEVENS, DONEGAN, EVANS, and ANDERSON, JJ., concur.

MITCHELL, C. J. (specially concurring)—My concurrence is based upon the fact that while it is the well-settled rule in this state that it is the duty of an automobile driver, in approaching a railroad crossing, to look and listen for approaching trains, and this duty further requires that he must look at a place from which he can see, if such place exists, the record in this case shows that the appellee did stop at a place where he could not see but within such a close distance to the track where the noise made by an approaching train could have been heard by him, and there is evidence in the case at bar upon which a jury could have found that there was no safe place at which he could have looked and seen the train. It was therefore a question for the jury to determine whether under all of the circumstances he was guilty of contributory negligence.

I concur in the result of Justice KINTZINGER's opinion.