The judgment of the court is

AFFIRMED.

## THE S. C. & P. R. Co. v. WALKER.

1. **Instruction: CONVERSION: MISTAKE.** An instruction directing the jury with respect to the innocent misappropriation of money through negligence, and not necessarily causing loss to the plaintiff, is not pertinent to an issue involving the unlawful appropriation of money, and is, therefore, erroneous.

2. **Principal and Agent: NEGLIGENCE: LIABILITY FOR.** An agent charged with the disbursement of funds is not liable for a loss occurring through his negligence, provided the exercise of reasonable care on the part of his principal would have prevented the loss.

*Appeal from Linn District Court.*

WEDNESDAY, OCTOBER 23.

ACTION at law. The plaintiff alleges that defendant, as the agent of plaintiff, received and disbursed large sums of money on its account; that, pretending he had paid to one Dawley for the purchase of certain lands three thousand and forty dollars, he caused himself to be credited upon plaintiff's books with that sum. The petition then proceeds in the following language:

"3. And the plaintiff further says that afterward, and on or about the 5th day of March, 1870, the said defendant pretended and charged that he had expended and paid out of the funds belonging to said company to one B. D. Holbrook, for and on account of the purchase of the same lands hereinbefore described, the sum of twenty-eight hundred and eighty dollars, and that he caused himself to be credited upon the books of said company with the payment of said sum of money to said Holbrook for the purchase of said land.

"4. And the plaintiff further says that the said defendant

VOL. XLIX—18

paid and expended on account of the purchase of said land, from the moneys belonging to said plaintiff, only the sum of three thousand and forty dollars, and that he did not pay therefor the sum of five thousand nine hundred and twenty dollars, and that he is only entitled to be credited in his accounts with said company in the said sum of three thousand and forty dollars; that said defendant has appropriated and converted to his own use the said sum of two thousand eight hundred and eighty dollars; that there is now due and owing said plaintiff from said defendant said sum of two thousand eight hundred and eighty dollars, and interest from March 5, 1874; that the defendant has hitherto neglected and refused, and still does neglect and refuse, to pay the same or any part thereof.

"2.   And for a further and second cause of action the said plaintiff says that on the 27th day of August, 1870, and for a long time prior thereto, the said defendant had been and was the general agent of said plaintiff, and as such general agent he had collected and received, and had in his possession, large sums of money belonging to said plaintiff; that on the said 27th day of August, 1870, the said defendant appropriated and converted to his own use fifteen hundred dollars, the same being the moneys belonging to said plaintiff, and received and collected by said defendant; that said defendant has hitherto neglected and refused to pay to said plaintiff the said sum of fifteen hundred dollars, or any part thereof, although requested so to do; that there is now due and owing from said defendant, on account thereof, the sum of fifteen hundred dollars, and interest from August 27, 1870."

The defendant, by a substituted answer filed during the progress of the case, set up a special defense in the following language:

"The defendant denies that he has in his possession or under his control large or any sums of money belonging to plaintiff, as set up in the first count of plaintiff's petition, or that he ever received and withheld said sum as charged.   On

the contrary, he says that any and all moneys received by him were paid out to and for the use and benefit of said company, and to its agents, under full right and authority so to do as an agent of said company; that any sums charged to defendant now sued for are wrongfully charged to him, by reason of a mistaken credit given by the company to one Dawley, in accounting for funds actually received from defendant as agent of the company, when, in fact, the account rendered was made up wrongfully, said Dawley still having at that date in his possession the funds now sued for; wherefore, defendant says he is not indebted to plaintiff in said sum claimed, or any less sum, and asks judgments for costs."

In answer to the second cause of action set up in the petition the defendant denies the same, and avers that he fully accounted for and paid over all sums of money coming into his hands as agent of plaintiff.

There was a verdict and judgment for plaintiff on both counts of the petition. Defendant appeals.

*Boal & Jackson* and *Preston & Son*, for appellant.

*I. N. Kidder* and *E. S. Bailey*, for appellee.

BECK, J.—I. There was evidence introduced to the jury tending to prove that defendant had paid to Dawley and Holbrook the sums set out in the petition for the purchase of the same lands, thus making double payments for the property. The testimony also tended to show that both Dawley and Holbrook were agents or employes of plaintiff, charged with the duty of making purchase of the lands. The defendant caused himself to be credited upon the books of the company with the sums paid to both Dawley and Holbrook.

The court gave to the jury the following instruction as applicable to this evidence:

"1. You are further instructed that it was the duty of the defendant, as assistant treasurer or general agent of the plaintiff, in making payments and disbursements of the moneys of

the plaintiff; to exercise due and reasonable care and diligence to avoid mistakes and double payments.

"If, therefore, you find from the evidence that the said defendant paid twice the purchase price of the same tracts of land, once to said Holbrook and once to said Dawley, and that such double payment was made by said defendant without using and exercising due and reasonable care and diligence, then he is liable to the plaintiff for the amount of one of such payments.

"If you find that such over-payment or mistake was carelessly and negligently made, and might have been avoided or prevented by the use of reasonable care on the part of the defendant, then he is liable therefor."

This instruction is the ground of an objection urged by defendant to the judgment against him.

II.   It will be observed that the petition charges defendant in the first count with appropriating to his own use a certain sum, and alleges that he did not pay it out for the plaintiff's benefit.   The manner of the appropriation is alleged in the petition.

1. INSTRUCTION: conversion: mistake.

The answer to this count of the petition alleges that the money was paid out by defendant for the use and benefit of plaintiff.   It also unnecessarily, and, probably, in violation of the rules of good pleading, contains certain allegations explanatory of the circumstances under which the money was charged to defendant upon plaintiff's books, showing a mistake therein. The issue presented by these pleadings involves the question of the appropriation and conversion to his own use by defendant of the sum of money named.   If that part of defendant's answer explanatory of the charge against him in defendant's books presents an issue, it is as to defendant's mistake.

Now the conversion of money to the use of defendant is a very different matter from its disbursement through carelessness or mistake.   The evidence tends to show that defendant made a double payment for lands purchased for plaintiff; one to Dawley, the other to Holbrook, both agents, or acting for

The S. C. & P. R. Co. v. Walker.

plaintiff in the purchase of lands. It is not pretended that such payment was made with any fraudulent intention, or for the purpose of misappropriating the money. It was innocently done through mistake or oversight, or, at least, through negligence. Conceding that defendant is liable to plaintiff, if loss resulted from the act, it cannot be denied that defendant could show, to defeat recovery for the money, that plaintiff suffered no loss; that the money was paid to a safe and responsible agent, and that, with due care, it could have been recovered by plaintiff. But the appropriation of the money to defendant's own use involved no such question. Proof of such conversion ended the case. We at once discover that issues upon the conversion of the money to defendant's use, and its negligent appropriation by payment to another agent of plaintiff, involve different questions. The defendant in the first case is absolutely liable upon proof of conversion; but, in the second case, no such liability is established by proof of negligent appropriation, for, as a defense, it may be shown that no loss resulted to plaintiff, or would not have resulted by the exercise on its part of due care.

The issue, as we have seen, upon the first count of the petition, involved the appropriation of the money to defendant's own use. The innocent misappropriation of the money through negligence, without necessary loss to plaintiff resulting therefrom, does not amount to an appropriation to defendant's own use. The defendant was not invited by the issue to prove the facts which would relieve him from liability on account of such misappropriation of the money.

We think it is made clearly to appear that the issue on the first count does not involve the question of the negligent payment of the money by defendant to an agent of plaintiff. The instruction upon that subject above given was inapplicable to the issue, and, therefore, erroneous.

III. It is erroneous, also, in that it fails to present the thought above suggested, that if no loss resulted to plaintiff,

2. PRINCIPAL and agent: negligence: liability for.

or would have resulted in the exercise by it of due care, defendant would not be liable. In considering the question of defendant's liability for negligence the care which the law requires of plaintiff must not be forgotten.

IV.   The instructions, so far as they pertain to the second count of the petition, are not the grounds of complaint.   The issue involved in this count was fairly submitted to the jury, and their verdict is sufficiently supported by the testimony.

V.   Other questions raised by the assignment of errors are not discussed by counsel.   They must be regarded as waived. For the error above pointed out the judgment is

REVERSED.

ON REHEARING.

ROTHROCK, CH. J.—It is urged, in a petition for rehearing, that there should not be a reversal as to the cause of action set out in the second count of the petition, and that judgment should be entered in this court for the amount of the claim of said second count, because the verdict was upon both counts for the amounts claimed, and for ninety-five dollars and fifty-five cents interest, and the only error found in the record is an instruction applicable to the first count.

The amount claimed in the first count was two thousand eight hundred and eighty dollars, and interest from March 5, 1874.   The second count claimed one thousand five hundred dollars, and interest from August 27, 1870.   There was a general verdict returned for four thousand four hundred and seventy-eight dollars and twenty-five cents, without any designation of how much was found due on the separate counts. It will be seen that a verdict for the full amount claimed would have been much larger than that returned.   It is assumed in argument that the jury allowed the full amount of the principal sums claimed, and interest from the date of the former trial.

There is nothing in the record to warrant the assumption

that the jury made such a computation. The verdict does not explain itself. The principal and interest of both counts would have amounted to nearly five thousand five hundred dollars, and in the absence of some unmistakable *data* in the record whether the jury deducted from one or both counts, or from the interest only, cannot certainly be determined. In this state of the record we cannot assume that the general verdict was arrived at in the manner claimed by counsel for appellee.

REVERSED.