KENNEDY v. THE CHICAGO & NORTHWESTERN R'Y Co.

1. **Railroads**: INJURY TO TRAVELER CROSSING TRACK: CONTRIBUTORY NEGLIGENCE. Defendant stopped with his team at a railroad crossing in a city, where there were two tracks, to wait for a train drawn by a switch-engine to pass. As soon as the rear car of the train had passed the crossing the train stopped, and plaintiff, though familiar with the movement of cars at the place, and anticipating that the train might immediately back up, undertook to cross the track, and was struck and injured by the backing train. *Held* that he was guilty of contributory negligence, and could not recover.

*Appeal from Clinton District Court.*

WEDNESDAY, APRIL 21.

ACTION to recover damages caused by a collision of the defendant's cars with the plaintiff's wagon at the Tenth-avenue crossing, in the city of Clinton. Trial by jury, verdict for plaintiff, and judgment. The defendant appeals.

*Hubbard, Clark & Dawley*, for appellant.

No appearance for appellee.

SEEVERS, J.—The negligence stated in the petition is that a train of cars on defendant's road was, without any fault on plaintiff's part, " negligently, without sounding the whistle or bell, and without any person being in charge of the last car of said train, and without giving any alarm of the moving of said train, caused to run back across said highway, and struck plaintiff's wagon." The train consisted of the

engine and three cars, and just as the plaintiff's wagon, in which were himself, daughter and son, who was driving, got to the crossing, the train passed, going in substantially a westerly direction. The engine was a switch-engine, and the train was being moved for the purpose of going upon a different track. At the crossing there are two tracks. The plaintiff's wagon was stopped three or four feet from the track while the train was passing to the westward. The planks at the crossing were ten or twelve feet long, and, when the train stopped, the last car which was next to the crossing was three or four yards therefrom. Before the train stopped it was signaled to back. The engine was reversed, and the backward movement began. When the train stopped the plaintiff concluded that he could safely cross the track, and so directed his son. At the same moment of time, or so nearly so that the difference is not appreciable, the train started back, and the team forward for the purpose of crossing. The plaintiff was conversant with the movement of trains in the vicinity, and knew that they were switched and moved backward and forward at the crossing.

The plaintiff testifies: "After it [the train] passed the crossing about three or four yards it came to a stand. We thought to ourselves we were all right; and I told the boy when the train stopped we were all right,—to drive on. * * * I was watching the train at the time to see whether it was going up or coming back. I thought it might back up,—that was what I had my eye out for. I did not tell my son to go ahead until the train came to a stand. * * * I didn't think when it passed that it would back up. When it came to a stop I thought it would stop there."

Under the circumstances above stated, with nothing to engage or distract his attention, the plaintiff made the effort to cross the track. The plaintiff "thought the train might back up," and yet he made the attempt to cross the track at the very moment the train stopped, without waiting to see

whether it would do so or not.   In so doing the plaintiff was clearly guilty of contributory negligence.   There is no dispute as to the facts, or, at least, the plaintiff cannot be permitted to claim that they are in any respect different.   There was no urgent necessity for his hurrying over the track as he did.   No man of ordinary prudence, in our opinion, would have made the attempt to cross under the circumstances.   The attempt was rashly made, and the plaintiff must suffer the consequences of his folly.   The court should have directed the jury to find for the defendant, as it was asked to do.

REVERSED.