JULIUS PINNEY, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

| 71 | 577 |
|----|-----|
| 97 | ²278 |

### Kansas City Court of Appeals, May 17, 1897.*

1. **Negligence**: STREET CROSSING: SHUNTING SWITCH: INSTRUCTION. It is negligence for a railroad to kick or shunt a car backward across a street crossing where persons are liable to pass without signal and without someone on such car to control it and give notice of its approach. An instruction set out in the opinion approved.

2. ———: ———: ———: ———: CONTRIBUTORY NEGLIGENCE. One about to cross a railroad on a street crossing who, twenty-five feet before entering the crossing, observes a freight train standing on the track headed from him, but after that looks no further and is hurt by a shunted car striking him, where there was no warning of its approach, can not, under the circumstances in this case, be pronounced guilty of contributory negligence as a matter of law, and an instruction submitting the question to a jury is approved.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1) The court erred in refusing to sustain the demurrer to the plaintiff's evidence, and likewise in refusing to give the peremptory instruction number 1 prayed by the defendant because the evidence did not show any negligence on the part of the defendant, and because the plaintiff's injury was due to his own negligence. *Hayden v. R. R.*, 124 Mo. 566; *Loring v. R. R.*, 128 Mo. 349; *Kelsay v. R. R.*, 129 Mo. 362; *Lane v. R. R.*, 132 Mo. 4; *Huggart v. R. R.*, 36 S. W. Rep.

*This case did not reach the reporter until December 18, 1897.

220; *Jones v. Barnard*, 63 Mo. App. 501; *Yancey v. R. R.*, 93 Mo. 433; *Boyd v. R. R.*, 105 Mo. 371. (2) The plaintiff, being conscious of his defective sense of hearing, was bound to exercise greater vigilance in looking for trains. *Candee v. R. R.*, 130 Mo. 142–152, and cases there cited. (3) The court erred in giving the plaintiff's instructions. *First.* There was no evidence upon which to base the first instruction. *Second*, the second instruction did not correctly state the law. Cases cited above. *Third*, it was error to submit the case to the jury upon these instructions when the evidence did not justify a finding for the plaintiff at all.

*W. M. Williams* and *John Cosgrove* for respondent.

(1) The trial court did not err in refusing instruction number 1, asked by appellant. *Fusili v. R'y*, 45 Mo. App. 535; *Gutridge v. R'y*, 105 Mo. 520; *Voegeli v. Marble and Granite Co.*, 56 Mo. App. 678. (2) Instruction number 2, given for plaintiff, asserts a correct principle of law. It is a "question for the jury under complicated circumstances calculated to deceive and throw the traveler off his guard." *Baker v. R. R.*, 122 Mo. 533–544; Beach on Contributory Negligence [2 Ed.], sec. 195; *O'Connor v. R. R.*, 94 Mo. 150. (3.) Making "flying switches," "kicking" and "shunting" cars across a public street or thoroughfare, with no brakeman or person to manage the loose car, are acts of carelessness and negligence. *O'Connor v. R'y*, 94 Mo. 150; *Baker v. R'y*, 122 Mo. 543; *Brown v. R. R.*, 32 N. Y. 597; 88 Am. Dec. 353; *Cooper v. R'y*, 66 Mich. 261; 11 Am. St. Rep. 482.

ELLISON, J.—This action is to recover damages for personal injuries received by plaintiff by being

struck with one of defendant's freight cars at a street crossing in Boonville, Missouri. Plaintiff prevailed in the trial court. The following facts were disclosed:

The defendant's tracks in Boonville are upon a curve bearing to the left going north. Some distance north of the defendant's depot the tracks STATEMENT. are crossed by Morgan street, and a short distance south of the depot are crossed by Spring street where the accident occurred. The depot being situated between these two streets, fronts east, and there are two tracks east and two tracks west of the depot building. The platform on the east side is about on a level with the tracks and the ground. On the west side and at the south end it is elevated from three to three and a half feet for the convenience of the freight business.

The plaintiff testified that he was familiar with the locality and knew that trains were frequently engaged in switching upon these tracks near the depot, and that a person was liable to find them engaged in switching at almost any time of day. About 10 A. M. on the day in question he had come from a point north of the depot and had entered upon the tracks at Morgan street, and then went south upon the railroad grounds and platform, and before reaching the depot he noticed the engine upon one of the west tracks and near Morgan street. He saw a lot of cars but did not know how many there were, and thought they were attached to the engine. He was carrying a bucket of cider intending to take it to the apple house or elevator situated on the south side of Spring street and on the west side of the railroad tracks. He passed along the east platform of the depot and when he got about to the south end of the depot he noticed the conductor of the train coming from the south upon one of the east tracks, and when he passed the line of the building he noticed some cars upon one of the west tracks. He

passed off of the platform which extended farther south than the building, and there took a diagonal course going in a southwesterly direction toward the apple house or elevator. There was a path upon which he traveled, which ran from the south end of the low platform upon the east side of the depot to the north end of the planks at the crossing over .the west tracks. There was evidence ·tending to show that he looked toward the train after he left the platform, and when he had gone about fifteen feet therefrom, and did not notice the train moving, and that after that he did not look toward the engine or cars nor toward the railroad. But there was also evidence to show that when he last looked he was within twenty-five feet of the track. The engine was at the farther end of the train. The car which struck plaintiff was being switched across the street crossing. The switch being made by "kicking" or "shunting" it, that is, by pushing it backwards with the remainder of the train, uncoupling and then stopping the train, allowing the car to run on by force of the movement received from the train. It was while thus detached and running backwards across the street that plaintiff was struck. There was no brakeman or other person on the car to check its speed or to warn anyone who might be in danger. Nor was there any flagman or other person at the crossing to give warning of danger. The car was sent across the street at a rate of speed of from two and one half to four miles per hour, and struck standing cars on the opposite side with great force.

Under evidence establishing, or tending to establish, the foregoing facts, the court gave the following instructions for plaintiff:

"1. The jury are instructed that if they believe from the evidence that the defendant's agents and ser-

INSTRUCTIONS. vants caused a freight car standing upon its sidetrack between Morgan and Spring streets in the city of Boonville to be suddenly started or 'kicked' by one of defendant's engines, and thereby caused to run across said Spring street in said city, unguarded and unattended, and without any signal or notice of the approach of said car to said street, and in such manner as to endanger persons passing along or across said street, and that the plaintiff while upon said street was struck, knocked down and injured by said car; and that he, while crossing said track, exercised such care as a reasonably prudent person would have used under like circumstances, then the plaintiff is entitled to recover and the jury will so find.

"2. Although the jury may believe from the evidence that the plaintiff, by looking in the direction from which the car was coming at the instant when he was about to step upon the railroad track, might have seen said car and avoided the injury to himself, if he was injured, still this will not prevent his recovery, if the jury shall further find from the evidence that he had stopped a short distance from said track and looked in the direction of said car, and that there were no indications that any cars were about to cross said street, and that while passing along said street across said railroad track, he took such precautions, and used such care as a reasonably prudent person would have exercised under the circumstances surrounding him at the time."

We have no doubt of the correctness of these instructions. It was negligence in defendant to switch the car in the manner put by the first NEGLIGENCE: street crossing: instruction. *Baker v. R'y*, 122 Mo. 533; shunting switch: instruction. *O'Connor v. R'y*, 94 Mo. 150.

The second instruction may by considered in connection with defendant's contention that plaintiff was

himself guilty of negligence which contributed directly to his injury. And as to this, we think it clear that the evidence justified the court in submitting that question to the jury.

—:—:—: contribu- tory negligence.

There are two important suggestions for consideration in passing on the question which go far toward determining it in plaintiff's favor. In the first place, plaintiff was performing a natural and lawful act in crossing over a public street, while defendant was performing a wrongful act in rushing a car backwards over the crossing without a brakeman at his post and without warning of the intended movement. It is true that a railway company is not an insurer against injury, and is not necessarily liable to those who may be passing over streets and along or across its tracks, even though the company is negligent. At the same time, one who is rightfully using the street is not necessarily debarred of redress for injury received, even though he has not been as careful as he might have been. The question in such cases is, has the plaintiff exercised the care and caution which a reasonably prudent man would have exercised in the same situation. It sometimes develops in cases of this nature that the action of plaintff has been so manifestly imprudent and so wholly out of keeping with the conduct of a reasonable man as to make it imperative on the trial court to direct the jury to return a verdict against him, notwithstanding negligence on defendant's part was clearly made out. Again, there are a large class of cases where the facts developed leave it uncertain whether the plaintiff's action was that which would have been taken by a reasonably prudent person, influenced by the same circumstances. This case, we think, belongs to the latter class, and so belonging, it was left to the jury, the body selected by our laws to determine close and doubtful points of fact. Plaintiff,

before entering on the crossing, had seen the train of cars standing on the track, the engine being at the farther or front end of the train, headed in a direction which would take the train from the crossing. He looked (as the jury had a right to believe) when within twenty-five feet of the track. He saw no sign indicating an intention to move the cars. The car closest to the crossing was not on the crossing, nor was the direction in which plaintiff was walking such as to take him immediately behind that car. The points where plaintiff would cross and where the rear car was standing was some —— feet. He did not look again, nor did he hear or see any signal indicating the approach of the train. There was evidence tending to show that none was given. The principal ground of negligence on plaintiff's part lies in the contention by defendant that he should have looked while covering the space he traveled between the time he last looked and the moment of time at which he arrived at the track. In fact, the result of defendant's contention would have been if it had been carried out in practice, that plaintiff would have looked continuously from the time he could see the train until he was at the track. The duty which one owes to himself in approaching a crossing is changed with the various surroundings and circumstances in which he may be placed. No absolute rule can be laid down in one case to govern another, where the circumstances in the two cases are not alike. *Kenny v. R'y*, 105 Mo. 270. In this connection it is well to remark that the *Hayden*, *Kelsay* and other cases cited by defendant, show a state of facts wholly different in particulars vital to a proper solution of the question of want of care, or want of the prudence practiced by reasonable men. In the cases mentioned the injured parties were approaching crossings where a reasonable man would suppose trains

might be approaching at a rapid rate of speed. They had undertaken to look at places where they could not see and because they did not look when they came to a place where they could see, the court held them guilty of contributory negligence, although such unobstructed view only began from fifteen to twenty feet from the track. But here, as before stated, plaintiff had seen the standing train before he reached the depot building. He passed on along the platform (the building coming between him and the train) until he passed by the building a short distance, when he looked and saw the train still standing, harmless, and headed from him. We can readily distinguish this case from those cited by defendant. We find ourselves altogether disinclined to say that in such circumstances the court should have directed the jury, as a matter of law, that plaintiff's conduct was different from that of an ordinarily prudent man in the same situation, and that by reason thereof he could not recover.

As remarked above, defendant contends that when one is approaching a crossing he must look *continuously* for trains until he gets over the track. This is not the practice of ordinarily prudent and careful men under all circumstances. If this was done by all parties using the roadway it would doubtless prevent all accidents at crossings, and thus be the better practice. But the fact is that prudent and careful men do things under certain circumstances which bring them in contact with the negligence and carelessness of others. The law does not exact of one using a street crossing the care which might be used by an *extraordinary* prudent man. Some men are far more cautious than others—some are careful, I might say to a nervous degree, so much so that they will not cross a railway with a vehicle without getting on the ground and leading the horse. The test is, as before stated, what

would have been the conduct of an ordinarily prudent and careful man in the like surroundings.

The plaintiff's hearing was somewhat defective, but this matter was called to the attention of the jury and they were directed to take that defect into consideration in passing on the question of contributory negligence and to require of him greater care on that account. *Candee v. R'y*, 130 Mo. 142.

We have examined the instructions refused for defendant in connection with those given and find that the case was properly submitted. The result is that we hold the evidence justified the court in asking the jury to determine the issue.

The judgment will be affirmed. All concur.