NELS WIESE, Appellee, v. CHICAGO GREAT WESTERN RAILROAD COMPANY, Appellant.

**RAILROADS:** Crossing Accidents—Negligence. Negligence *per se*
1 does not necessarily result from the act of driving rapidly toward and upon the track of a railway. Much depends upon the topography of the country, and the preceding acts of caution on the part of the driver.

**RAILROADS:** Crossing Accidents—Weed-Obscured Crossing—
2, 9 Warning Signals. Permitting *private* crossings to become obscured by weeds may constitute an element of negligence.

**RAILROADS:** Crossing Accidents—Private Crossings—Failure to
3 Give Warning Signals. Failure to give warning at *private*

crossings of the approach of trains, may, in view of the speed of the train and the obscured condition of the crossing, constitute negligence, even though no statutory signals are required at such places.

RAILROADS:   Crossing Accidents—Condition, Use, and Care of Crossing—Evidence.   The manner in which a private crossing over a railway track has been used, the duration of such use, and the immediate and surrounding situation, are all relevant and material facts, even though they fall far short of establishing a way by prescription.

TRIAL:   Instructions—Form, Requisites, and Sufficiency—Correct but Inexplicit.   Correct instructions are all-sufficient, in the absence of a request that they be made more explicit.

TRIAL:   Reception of Evidence—Rejection of Non-Responsive Answers.   He who asks a question, and receives a non-responsive, but relevant, material, and competent answer, has the clear right to retain such answer in the record.

TRIAL:   Reception of Evidence—Argumentative Answers.   No objectionable argument is involved in the statement of a witness "that he could not get his team off the railway crossing by backing up."

EVIDENCE:   Opinion Evidence—Allowable Conclusions.   A conclusion answer of a witness which simply discloses the condition of his mind at a certain time is unobjectionable when such condition is material on the issues tried.

RAILROADS:   Crossing   Accidents—Weed-Obscured   Crossing— Warning Signals.

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

JANUARY 12, 1918.

ACTION for damages resulting from a collision at a private crossing over defendant's road.   Judgment for plaintiff, from which defendant appeals.—*Affirmed.*

*Carr, Carr & Evans* and *Lee & Robb,* for appellant.

*Reynolds & Meyers* and *Douglas Rogers,* for appellee.

LADD, J.—Mrs. Schrum owned 53 1-3 acres of land in the N½ of the SE¼ of Section 19, more than a mile south-

west of Manning. The Chicago & Northwestern Railway Company's track ran south through this land, and running parallel therewith was that of the Chicago Great Western. The land was without access to the highway along the section line to the west, but a private way from the intersection of the highway with the railway track to the northwest ran between the tracks, down to a private crossing over the roads to the land on either side.

At about noon of August 26, 1914, the plaintiff, with a team and light wagon, took Franz Schrum from Manning out to see this land. In starting back, and when about two rods from the railroad, going east, plaintiff, as he testified, stopped his team, and looked and listened for the approach of cars or train from the south; and, none being observed or heard, he drove ahead, on a trot. The evidence tended to show that the railroad track curved from the crossing south through a cut, and that weeds had grown up·in the right of way, immediately south of the crossing of the track and west of the track, 6 or 8 feet high, and were so thick that his view was thereby obstructed. But, as he reached a point where the front feet of his horses were between the rails, he saw a train approaching from the south, at a speed of 45 or 50 miles per hour, when he shouted to his horses, "Get," and they jumped forward; but the engine struck the hind wheels of· his buggy, and injured his vehicle, horses and himself. The evidence tended to show that there was no warning of the approach of the train. The negligence charged was permitting the growth of the weeds at that point so as to obstruct the view of approaching trains; in failing to sound the whistle or give warning of the approach of the train to persons about to cross the track; in not stopping the train, so as to avoid plaintiff's wagon, after observing him at the crossing; and in operating the train, at said crossing, at a dangerous rate of speed. Plaintiff was alleged to have been without fault. Twenty-six errors are

assigned, but only those argued, or on which there are brief points, may be considered.

I. Counsel for appellant first contend

1. RAILROADS: crossing accidents: negligence.

that, as plaintiff was negligent, verdict should have been directed for defendant. It seems to be thought that, as he knew "of the obstructions," he should have driven his team on a walk from where he stopped, toward the track; and that, had he done so, he would have avoided the collision with the train, coming, as he testified, 18 or 20 rods away, at a speed of 45 or 50 miles an hour. The circumstance that, had a party acted differently, he would not have been injured, does not necessarily stamp what he in fact did as negligent. The jury might have found that, as he did stop, look, and listen at a point only 33 feet from the track, he might, in the exercise of ordinary care, have believed that, as the distance was short, he could safely pass the tracks before a train would be likely to reach the crossing. If so, he was not negligent, as a matter of law, in proceeding on a trot. The law does not prescribe the precise course to be pursued in such circumstances, and the issue as to whether complainant did as an ordinarily prudent man would have done, was for the determination of the jury. All exacted is that a person in approaching a railway track shall, as it is a dangerous place, be continually on guard to avoid a collision with trains, and therein shall exercise the degree of care an ordinarily cautious person would in like situation, and the finding that plaintiff so did is not without support in the evidence. See *Hough v. Illinois Cent. R. Co.*, 169 Iowa 224.

II. Nor can it be said, as a matter of

2. RAILROADS: crossing accidents: weed-obscured crossing: warning signals.

law, that defendant was without fault. The evidence disclosed that, though the way was private, it was much traveled, and that defendant had allowed the approach

of a train through the cut to be obscured by the growth of weeds; and it was for the jury to say whether the safety of persons using a crossing so situated required the sounding of the whistle or ringing of the bell, or some other warning of the approach of trains, especially when moving at a high rate of speed. If ordinary prudence exacted that such precaution be taken for the safety of persons approaching this private crossing, it must have been taken by defendant, even though not exacted by statute. *Hartman v. Chicago G. W. R. Co.*, 132 Iowa 582; *Kinyon v. Chicago & N. W. R. Co.*, 118 Iowa 349; *Gray v. Chicago, R. I. & P. R. Co.*, 160 Iowa 1; *Grafton v. Delano*, 175 Iowa 483.

3. RAILROADS: crossing accidents: private crossings: failure to give warning signals.

No particular rate of speed can be denounced as negligence (*Rutherford v. Iowa Cent. R. Co.*, 142 Iowa 744) ; but the rate of speed a train is moving obviously may have an important bearing in determining what precautions are essential to the safety of others, in ascertaining whether due care has been exercised by the company. *Wilson v. Chicago, M. & St. P. R. Co.*, 161 Iowa 191; *Ressler v. Wabash R. Co.*, 142 Iowa 449. See cases cited above.

We are of opinion that, in view of the location of the cut, the growth of weeds, the speed at which the train was moving, and the extent of travel over the crossing, the issue as to whether defendant was negligent was rightly submitted to the jury.

III.    Over objection, evidence was received that the gates through the right of way fence, at the crossing, were open most of the time, and when the collision occurred; and, further, that the section men, on seeing them open, did not shut them. The ruling was not erroneous; for it was competent to show the situation at the crossing, and the manner of its use. That the gates

4. RAILROADS: crossing accidents: condition, use and care of crossing: evidence.

were left open under the circumstances shown had some
bearing on the nature and extent of its use by the public,
and therefore on the precautions necessarily to be taken by
defendant in guarding the safety of travelers in crossing the
track.    There was no error in the ruling.

IV.    When plaintiff rested, defendant moved that evi-
dence of the character and use of the private way and the
duration of such be stricken from the record.    The motion
was rightly overruled.    True, the evidence fell short of prov-
ing a road by prescription; but the amount of travel there-
on, and the length of time this had continued, bore directly
on the care to be exacted from the company in guarding
against injury to those making use of the crossing.

V.    The court instructed on the theory
that the crossing was that of a private way,
5. TRIAL: in-
struction:
form, requi-
sites, and suf-    and submitted to the jury whether, in ex-
ficiency: cor-
rect but in-    ercise of ordinary care, a warning should
explicit.
have been sounded, without expressly say-
ing that a warning was not exacted by statute, or as a mat-
ter of law.    The plain inference from the submission of the
issue was that blowing the whistle or ringing the bell was
not required, unless this was exacted in exercising ordinary
care for the protection of those crossing the track.    Had
defendant wished a more specific instruction, it should have
been requested.

VI.    After plaintiff had testified that he
had hallooed at his team to get them off
6. TRIAL: recep-
tion of evi-
dence: rejec-    the track, he was asked:
tion of non-
responsive    "Did you think at that time that you
answers.
could clear the track before the train hit
you?    (An objection as leading was overruled.)    A. Yes,
sir; I couldn't get out of the way by backing up."

Defendant then moved that the answer be stricken as a
conclusion, argumentative, and not responsive.    The last ob-

jection was not available to defendant. *Jahn v. MacMurtry*, decided at the present session.

Nor is the answer objectionable as ar-

**7. TRIAL: reception of evidence: argumentative answers.**

gumentative. It is only such in the sense that it states a fact which determined his answer to the question asked; but the fact stated was relevant, material, and competent, as it bore directly on the issue being tried. The answer, though in the nature of a conclusion, merely disclosed the condition of the witness' mind immediately prior to the collision: i. e., that he believed he could not escape by backing

**8. EVIDENCE: opinion evidence: allowable conclusions.**

up. The character of the question leaves no doubt as to this; and that a person pursuing one of two possible courses of conduct may state why he did not follow the other, as bearing on the issue of contributory negligence, is too well settled for argument or citation of authorities. In this case, he drove the team forward because he believed he could not avoid the collision by backing away. Whether, in such an emergency, he acted with ordinary prudence in choosing the method of escape, was for the jury to determine. The ruling has our approval.

VII. Defendant requested the court

**9. RAILROADS: crossing accidents: weed-obscured crossing: warning signals.**

to tell the jury "that the law does not require the defendant company to keep its right of way at private crossings free from weeds, and the fact that weeds were permitted to grow and remain at the private crossing in question does not constitute negligence on part of the defendant company."

Whether the company was required generally to keep its right of way at such places free from weeds was not involved. That depends on the location. Allowing weeds which ordinarily do not stand higher than grass along the right of way, and do not obstruct the view, might not amount to

negligence; but to permit weeds to grow in the right of way at a private crossing to a height of 6 or 8 feet, where these will be likely to obstruct the view of a person approaching such a crossing, and because of such obstruction expose him to the danger of collision with an approaching train, may be regarded as negligent, and, with omission to sound any warning of the train's approach, might be found the proximate cause of a collision and consequent injuries. The instruction was rightly refused.

The exception to the fifth instruction argued was not mentioned directly or indirectly in the objections filed, or in the motion for new trial, and for this reason may not be considered.

The judgment is—*Affirmed.*

PRESTON, C. J., GAYNOR and SALINGER, JJ., concur.