SIMON W. HAVEN, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellee.

**NEGLIGENCE:** Violation of Law—Effect. Failure to give the
1   law-required signals of the approach of a car which was moving up behind an injured party presents a jury question on the issue of defendant's negligence.

**NEGLIGENCE:** Distracted Attention. One who has his attention
2   diverted, in a place of danger, presents a jury question on the issue of contributory negligence, if his conduct was such as to be in harmony with what reasonably careful men would have done, under like circumstances. *Held,* such question was presented in the case of one who, with a pane of glass in his

hands, was running in the mud after his hat, in the presence of a smoke-enshrouded train, which was approaching without signal.

*Appeal from O'Brien District Court.*—WILLIAM HUTCHINSON, Judge.

JANUARY 12, 1920.

REHEARING DENIED MAY 11, 1920.

SUIT to recover damages for injury sustained at one of defendant's crossings.   Verdict directed for defendant. Plaintiff appeals.—*Reversed and remanded.*

*Claud M. Smith* and *R. J. Locke,* for appellant.

*Hughes & Sutherland* and *O. H. Monzheimer,* for appellee.

SALINGER, J.—I.   Appellee defends the action of the trial court with the claim that it was, as matter of law, not guilty of any negligence, and that, as matter of law, the negligence of plaintiff contributed to the injury suffered by him.   It was error to direct verdict against plaintiff if either of these defenses should have been submitted to a jury.

**1. NEGLIGENCE: violation of law: effect.**

The plaintiff was struck by a car, moving up behind him as he was walking.   We think a jury could find that defendant violated both statute and ordinance law by failing to ring the bell, or to give plaintiff other warning that the car was in motion and moving toward him.   This alone made negligence a question to be submitted to the jury. *Pinney v. Missouri, K. & T. R. Co.,* 71 Mo. App. 577.

II.   Was the court justified in holding, as matter of law, that plaintiff was guilty of contributory negligence? The law on that point is not doubtful.   The question is ordinarily one for a jury.   *Dusold v. Chicago G. W. R. Co.,* 162 Iowa 441.   Super care is not required.   *Wilkins v. St. Louis, I. M.*

**2. NEGLIGENCE: distracted attention.**

& S. R. Co., 101 Mo. 93 (13 S. W. 893). Plaintiff need not
go beyond satisfying the jury that he used ordinary care.
*Dusold v. Chicago G. W. R. Co.*, 162 Iowa 441. He is not
guilty of contributory negligence merely because he dis-
regards the fact that a train occupies a portion of a street.
*Robinson v. Western P. R. Co.*, 48 Cal. 409. In strictness,
this case does not involve failure to look and listen. But
if it did, the failure to look and listen for an approaching
train, is not negligence, as a matter of law. *Willfong v.
Omaha & St. L. R. Co.*, 116 Iowa 548; *Toledo, P. & W. R.
Co. v. Hammett*, 220 Ill. 9 (77 N. E. 72). One is not neces-
sarily guilty of contributory negligence because he fails to
look and listen at all points in his passage. *Winey v. Chi-
cago, M. & St. P. R. Co.*, 92 Iowa 622; *Davitt v. Chicago G.
W. R. Co.*, 164 Iowa 216; *Mitchell v. Union Terminal R. Co.*,
122 Iowa 237. There is no inflexible rule that requires one
to look and listen under all circumstances. *Dusold v. Chi-
cago G. W. R. Co.*, 162 Iowa 441. That plaintiff would not
have been struck by a train, had he acted differently than
he did, does not conclusively establish contributory negli-
gence. *Wiese v. Chicago G. W. R. Co.*, 182 Iowa 508. The
fair summary is that contributory negligence is for the jury
if reasonable men may find that, considering all the attend-
ing circumstances, the conduct of the plaintiff was in har-
mony with what ordinarily careful and prudent men would
do in the like circumstances. It may, therefore, be fairly
said that whether the plaintiff was negligent is always a
jury question, if his attention is so diverted as that reason-
able men may believe he gave as much attention to pro-
tecting himself as ordinarily careful and prudent men would
have given on like diversion. It remains to be seen whether
there is any evidence of such diversion. While a diversion
will not make a jury question of contributory negligence
where lack of care is due to inattention or forgetfulness
(*Bender v. Incorporated Town of Minden*, 124 Iowa 685), if

there is a diversion which naturally throws one off his guard, it may show freedom from contributory negligence. *Artz v. Chicago, R. I. & P. R. Co.*, 34 Iowa 153. We are of opinion that here was such diversion. If facts exist which tend to complicate the question of contributory negligence, it becomes a question for the jury. *Laverenz v. Chicago, R. I. & P. R. Co.*, 56 Iowa 689; *Selensky v. Chicago G. W. R. Co.*, 120 Iowa 113. It is unnecessary to be exhaustive. At some point in the passage of the plaintiff, his hat was blown from his head, and he engaged in its pursuit and recovery. He carried a large pane of glass under his arm, which required some attention, especially during the episode of the blown-off hat. The ground under foot was muddy, and that would induce some attention to walking, especially since, at the time, the weather was stormy, misty, and windy. The engine and car had smoke and steam blowing about them. The plaintiff saw a team approaching, and, when he last looked, saw it proceeding as though no train was approaching or in the way; and the jury might reasonably hold that this was an assurance to plaintiff that he was in no danger in going forward. The jury could find that the warnings required by law were not given. Plaintiff had the right to place some degree of reliance on the presumption that the trainmen will do their duty, and sound the usual signal of warning in approaching him. *Mitchell v. Union Terminal R. Co.*, 122 Iowa 237; *Case v. Chicago G. W. R. Co.*, 147 Iowa 747; *Willfong v. Omaha & St. L. R. Co.*, 116 Iowa 548; *Balcom v. City of Independence*, 178 Iowa 685; *Dusold v. Chicago G. W. R. Co.*, 162 Iowa 441; *Pinney v. Missouri, K. & T. R. Co.*, 71 Mo. App. 577; *St. Louis & S. F. R. Co. v. Dawson*, 64 Kan. 99 (67 Pac. 521); *Robinson v. Western P. R. Co.*, 48 Cal. 409; 2 Thompson on Negligence, Section 1677. The jury could find freedom from negligence, because there was such right to rely. The case of *Laverenz v. Railway*, 56 Iowa 689, gives some support to our conclusion that here

contributory negligence was a jury question. In *Lorenz v. Burlington, C. R. & N. R. Co.*, 115 Iowa 377, that question was sent to the jury, where one failed to look and listen because he was attempting to drive back a cow that had escaped from him. Some support for our conclusion is furnished, also, by *Illinois Cent. R. Co. v. Hays' Admr.*, (Ky.) 84 S. W. 338.

We are not overruling cases like *Tierney v. Chicago & N. W. R. Co.*, 84 Iowa 641; *Kennedy v. Chicago & N. W. R. Co.*, 68 Iowa 559; *Bussler v. Chicago, M. & St. P. R. Co.*, 165 Iowa 361; *Powers v. Iowa Cent. R. Co.*, 157 Iowa 347; *Swanger v. Chicago, M. & St. P. R. Co.*, 132 Iowa 32; and *Williams v. Chicago, M. & St. P. R. Co.*, 139 Iowa 552. In those, there *was* contributory negligence, as matter of law. What we are now holding is that, though this is so under the facts of those cases, here the question whether plaintiff was free from negligence was for the jury.

Nor are we overlooking the line of authorities to the effect that, where one suffers from an infirmity, such as deafness or defective sight, such infirmity enters into whether he was as careful to avoid injury as one in his condition ought to be. *Toledo, P. & W. R. Co. v. Hammett*, 220 Ill. 9 (77 N. E. 72) ; *Galveston, H. & S. A. R. Co. v. Ryan*, 80 Tex. 59 (15 S. W. 588). And this question has full consideration in *Balcom v. City*, 178 Iowa 685. This plaintiff seems to have been slightly deaf. But all that the law requires is that he exercise what is ordinary care in one so afflicted. He is not required to use more care than persons who have all their faculties. Both must use ordinary care. But it may become a jury question whether ordinary care was used, in view of this infirmity. The infirmity is but one item of fact to be considered in passing upon the ultimate question. And though this infirmity was present, it was still for the jury to say, on the facts in this case, whether

or not plaintiff used ordinary care to avoid being injured.— *Reversed and remanded.*

Ladd, Evans, and Preston, JJ., concur.