FRIESNER FRUIT COMPANY, Appellant, v. CHICAGO GREAT WEST-
ERN RAILWAY COMPANY, Appellee.

**EVIDENCE:** Materiality—Observation of Acts of Others. In an action
1 for damages resulting from attempting to cross a railway crossing,
the observations of the injured party as to the conditions under
which he had seen other persons make the crossing are quite im-
material.

**TRIAL:** Instructions—Curing Error. The erroneous reception of tes-
2 timony tending to impeach a party as to an immaterial matter is
cured by an instruction to the jury to the effect that said testimony
was wholly immaterial.

**WITNESSES:** Cross-Examination. A witness who has fully testified as
3 to the circumstances attending an accident at a crossing at which
two automatic signal bells were installed, may very properly be
asked, on cross-examination, as to the possible difficulty of a person
approaching the crossing in distinguishing between the bells when
they were both ringing.

**TRIAL:** Instructions—Necessity to Prove All Assignments of Negli-
4 gence. Instructions which, in one part, in effect direct the jury
that plaintiff can only recover if all assigned grounds of negligence
are proved, and in another part, that he may recover if any one
of the assigned grounds be proved, may be so confusing as to con-
stitute reversible error.

**TRIAL:** Instructions—General Rule of Sufficiency. Instructions must
5 be read and construed in the light of the facts of the case.

**RAILROADS:** Accidents at Crossings—Negligence Per Se. It is not
6 *necessarily* negligence, as a matter of law, for a driver to attempt to
cross a railway crossing at a time when he saw or heard an approach-
ing train.

**TRIAL:** Instructions—Inapplicability to Pleadings. Instructions which
7 are not applicable to any issue pleaded are erroneous.

Headnote 1: 33 Cyc. p. 1086 (Anno.)  Headnote 2:  4 C. J. p. 992.
Headnote 3: 33 Cyc. p. 1085.  Headnote 4:  4 C. J. p. 1031; 33 Cyc. p.
1085.   Headnote 5:  38 Cyc. p. 1777.   Headnote 6:  33 Cyc. p. 985.

Headnote 7:  38 Cyc. p. 1615.

*Appeal from Cerro Gordo District Court.*—M. F. EDWARDS,
Judge.

ACTION for damages to plaintiff's automobile, as a result of a collision between said automobile and one of the trains of the defendant railroad company, in the city of Mason City. The cause was submitted to the jury, which returned a verdict in favor of the defendant; and the plaintiff appeals.—*Reversed.*

*Senneff, Bliss, Witwer & Senneff,* for appellant.

*Blythe, Markley, Rule & Smith* and *Carr, Cox, Evans & Riley,* for appellee.

FAVILLE, J.—About nine o'clock on the evening of May 15, 1922, one of the employees of appellant was driving the automobile in question on Fourth Street S. W. in Mason City. The railroad tracks of appellee, and also those of the Chicago & Northwestern Railroad Company, are crossed by the street upon which the car was being driven. Appellant contends that appellee moved a train of thirty-four box cars in a northerly direction upon its tracks across said street, and did so in a negligent manner, causing the injury complained of. · Numerous errors are assigned.

I. It appears from the record that appellee had installed a signal bell, which, as we understand it, operated automatically, and indicated the approach of a train to the crossing. Appellant's driver was asked whether or not, prior to the time of this accident, he had crossed the tracks in question a great many times when the bell was ringing, and yet at such times the train was so far away that it was perfectly safe to cross. He answered in the affirmative. He was then asked as to whether or not he had also seen a large number of other people do the same thing. He answered this in the affirmative; and a motion to strike the answer as a conclusion by the witness, and as incompetent, irrelevant, immaterial, and self-serving, was sustained. Appellant contends that there was error at this point, and that the court should have permitted the answer of the witness to stand.

1. EVIDENCE: materiality: observation of acts of others.

The ruling was not erroneous.  The driver had been permitted to testify as to his own acts in connection with the crossing of the track in safety at the time the bell was ringing, and it was immaterial whether he had observed other people do the same thing.

The driver of the car was asked, upon cross-examination, if he was going to Clear Lake to a dance at the time of the accident, and answered in the negative.  He was then cross-examined in regard to his testimony in respect to said matter at another trial growing out of the same accident; and, the proper foundation having been laid, the court reporter was produced as a witness in behalf of appellee, and read the testimony of the driver, as given at the former trial, in which it appeared that he did then testify that, at the time of the accident, he was on his way to Clear Lake to a dance.  Appellant insists that the testimony was immaterial, and that the impeachment was impeachment on a wholly immaterial matter.

2. TRIAL: instructions: curing error.

The court instructed the jury that whether or not the driver of the car at the time in question was driving to Clear Lake for the purpose of attending a dance, or for some other purpose, was wholly immaterial.  The error, if any, was, we think, cured by the instruction.

The foreman of the train crew of appellee was a witness for appellee, and testified in regard to the accident as he observed it.  He was asked, on cross-examination, whether he knew that, if the Northwestern bell was ringing and the Great Western signal bell was also ringing, it would be very difficult for a person coming from the east to know that the Great Western bell was ringing, or to distinguish the sounds of the two bells, if both were ringing at the same time.  Objection to this question was sustained; and appellant offered to show that, if the answer was permitted, it would be in the affirmative.  The objection should have been overruled.

3. WITNESSES: cross-examination.

The engineer on the train was a witness for appellee, and, on cross-examination, was asked:

"But of course you knew, didn't you, that nobody up there

toward the north end of the train could hear that engine bell ringing way down at the south end of the string of cars?''

The question was objected to as incompetent, irrelevant, and immaterial, and not proper cross-examination, and as asking for a conclusion of the witness. The objection was sustained. There was nothing on the direct examination of this witness to warrant this interrogatory as cross-examination, and the court did not err in sustaining the objection.

II. Appellant alleged two grounds of negligence: First, that the train was being operated at an unlawful and excessive rate of speed, and in violation of a city ordinance; and second, that the train was being operated without a light on the north end of the train, next to the crossing, and that it was not sufficiently lighted to warn persons of its approach.

4. TRIAL: instructions: necessity to prove all assignments of negligence.

The court, in Instruction No. 6, told the jury as follows:

''On the other hand, if you do not find from a preponderance of the evidence that said defendant company was, at said time and place, negligent in the manner or respects specified and claimed by the plaintiff in its petition, then there can be no recovery by the plaintiff against the defendant herein.''

It is the contention of appellant that this instruction was erroneous in that it placed the burden upon appellant to establish by a preponderance of the evidence that appellee was negligent *"in the manner or respects specified and claimed by the plaintiff in its petition."*

In Instruction No. 3, the court also told the jury that appellant must establish, by a preponderance of the evidence, among other propositions, the following:

''That the defendant railroad company, at the time and place in question, was in fact guilty of negligence which proximately contributed to or caused the damages to said automobile, substantially as alleged in plaintiff's petition.''

There are two grounds of negligence specified in the petition, and under these instructions the burden was placed upon appellant to establish by a preponderance of the · evidence the grounds of negligence *as pleaded.*

In another instruction, the court told the jury that the questions for its determination were whether or not, at the time

and place, the driver of the car was free from contributory negligence, and whether or not the defendant railroad company was negligent at the time and place in question, "in one or the other respects claimed by plaintiff in its petition."

In another instruction, the court told the jury that it should determine whether or not the plaintiff "has established by a preponderance of the evidence that the defendant was, at said time and place, negligent in one or more respects claimed by the plaintiff in its petition, and which are elsewhere set out in these instructions."

It is an elementary proposition that all of the instructions must be read and construed together; and it is also true that, if the instructions are so in conflict as to be misleading and confusing to the jury, reversible error will be predicated thereon.

Reading the instructions in their entirety, we are disposed to hold that they are so in conflict that they cannot be sustained. If appellant established that its driver was free from contributory negligence, and established by a preponderance of the evidence that appellee was negligent in any one or more of the matters charged in the petition, then appellant was entitled to a verdict. Under the conflicting instructions given, the jury would not clearly understand whether appellant must establish the negligence of appellee "as pleaded," or whether it was only necessary to establish negligence in "one or more respects," as claimed by appellant. A submission of the case on the conflicting instructions given was not only error, but was, we think, prejudicial to appellant.

III. Instruction No. 7 is very lengthy. In said instruction the court told the jury that "it is the duty of a traveler about to cross a railroad track to look in both directions for approaching trains." Complaint is made of said sentence.

The next succeeding sentence of said instruction is as follows:

"Such traveler is not bound, as a matter of law, to look and listen for a train at any given point; neither is it true that, as a matter of law, he must stop his automobile before crossing a railroad track under all circumstances. Whether or not, in the exercise of ordinary and reasonable care, he should do so in a given case, is a question of fact, to be determined by the jury."

The giving of the challenged sentence would not constitute reversible error, when construed in the light of the entire instruction. It is the well recognized and frequently reiterated rule that one approaching a railroad crossing must exercise his senses, and that generally he should look and listen for an approaching train;

*5. Trial: instructions: general rule of sufficiency.*

but he is not necessarily guilty of contributory negligence because he fails to look and listen at all points in his passage, and he is not required to look and listen under *all circumstances.* *Haven v. Chicago, M. & St. P. R. Co.,* 188 Iowa 1266. The instructions must be regarded in the light of the facts of the case in which they are given; and this portion of the instruction, when read in its entirety, in view of the evidence in the case, did not constitute reversible error.

In Instruction No. 7, the court also told the jury:

"In this connection you are also instructed that it was the duty of the driver of said automobile, at the time and place in question, to take reasonable precautions to ascertain if a train were coming which might endanger said car, and to make reasonable use of his senses and faculties by listening and looking for signals or the noise of a train when within a reasonable distance from such railway track, and at a suitable place from such crossing thereof; and, if the train in question was, at the time, in sight or hearing from the point where it was the duty of the driver of such automobile to look or listen, or there were circumstances such as to suggest the reasonable probability of danger to such automobile, then an attempt, if any, on the part of the driver of such automobile to cross the track would be negligence which would defeat the right of recovery by the plaintiff herein."

This cannot be the law. It cannot be true that, if the driver of an automobile about to cross a railroad crossing properly looks and listens for an approaching train, and either sees or hears a train from the point where it was his duty to look and listen, then an attempt, if any, on the part of the driver of such automobile to cross the track would be negligence, as a matter of law, defeating recovery. It is to be observed that the instruction contains no qualifying provisions, either in regard to the distance which

*6. Railroads: accidents at crossings: negligence per se.*

the train might be away, or the speed at which it was traveling. If a driver of a car came to a proper point for observation, and looked, and saw an approaching train, but it was so far away or was moving at such a speed that, acting as a person of reasonable care and caution, he might properly attempt to cross the track, it certainly cannot be held, as a matter of law, that it would be negligence for him to attempt to do so. In *Dieckmann v. Chicago & N. W. R. Co.*, 145 Iowa 250, we said:

"It has never been held by any court that a person crossing a railroad track with knowledge of an approaching train is, under all circumstances, negligent, as a matter of law. That question depends entirely upon the relative distance of the person and the train from the crossing; and, if the train is so near, and moving at such a rate of speed that the traveler, as a reasonably prudent person, knows, or ought to know, that he cannot cross the track without exposing himself to a collision, then his attempt to do so is negligent. But if the train is at such distance that a reasonably prudent man may fairly believe that he can cross in safety, then the act is not negligent, and the question whether he is justified in so believing is, under all ordinary circumstances, for the jury."

Again, in *Burnett v. Chicago, M. & St. P. R. Co.*, 172 Iowa 704, we said:

"It is not true that a traveler may not rightfully venture upon a crossing in front of an approaching train if the distance be such that, as a reasonably prudent man, he may fairly expect to cross in safety before the train arrives. *Adams v. Union Elec. Co.*, 138 Iowa 487; *Bruggeman v. Illinois C. R. Co.*, 147 Iowa 187, 206; *Lundien v. Ft. Dodge, D. M. & S. R. Co.*, 166 Iowa 85. He cannot, of course, indulge in nice calculations whether he may barely escape injury, nor may he take reckless chances and be free from contributory negligence; but if, having first made reasonable use of his senses (including his 'common sense'), he may reasonably conclude that the opportunity to pass is ample and safe, he cannot be said to be negligent, even if it proves that he is mistaken."

The instruction did not correctly state the rule applicable to the case, and was prejudicial to appellant.

IV. Instruction No. 10 is criticized. In it the jury was

told that appellee was not required, as a matter of law, to have what is "commonly and ordinarily known as an engine headlight upon the northerly end of said train when approaching the crossing in question."

There was no basis for such an expression in the instruction. No claim was made by appellant that appellee was negligent in not having an engine headlight on the north end of the train. We take it that the purpose of the trial court was to illustrate to the jury the necessity of appellee's using proper and ordinary signals in the movement of its trains. The expression complained of was unfortunate, and should be avoided upon a retrial.

7. TRIAL: instructions: inapplicability to pleadings.

Other matters complained of by appellant are not likely to occur upon a retrial of the case.

For the errors pointed out, the judgment of the district court must be, and it is,—*Reversed.*

ARTHUR, C. J., and PRESTON and STEVENS, JJ., concur.