GEORGE W. GRAESER, Appellee, v. TRUMAN JONES, Appellant.

No. 42062.

500

November 21, 1933.

Rehearing Denied January 12, 1934.

John McLennan, for appellant.

H. L. Bump, for appellee.

Claussen, J.—Appellant, Jones, was the owner of 160 acres of land situated near Des Moines. The city of Des Moines instituted proceedings for the purpose of condemning the tract of land for a municipal airport. The sheriff's jury fixed the value of the land at $65,000. Jones was not satisfied with this valuation and appealed to the district court. In these matters he was represented by George Wilson, a member of the Polk county bar. Appellee, Graeser, is a member of the Polk county bar. He was employed by Jones in the condemnation proceedings as an expert on real estate values.

It is Graeser's contention that he met Jones on the streets of Des Moines and was orally employed by Jones to negotiate a settlement of the controversy between Jones and the city of Des Moines respecting the value of the land; that pursuant to such employment he conducted negotiations which finally resulted in the property being taken over by the city at $80,000. This suit is brought to recover the reasonable value of the services so rendered. It may be noted in passing that Mr. Wilson was not discharged as counsel by Jones, but continued to represent Jones as his attorney until

the entire matter was fully adjusted. The case was tried to a jury, which returned a verdict in favor of Graeser. Jones appeals from the judgment upon the verdict and the refusal of the court to grant a new trial.

I. This action is based upon an oral contract of employment and is brought for the purpose of recovering the reasonable value of the services alleged to have been performed under the contract. In the course of the trial, the mayor of the city of Des Moines was called as a witness and testified to conversations had by him with Graeser. Such conversations were objected to by appellant as being hearsay. The conversations were undoubtedly subject to this objection if offered for the purpose of proving the existence of facts stated in such conversations, but this was not the purpose for which the conversations were introduced in evidence. The purpose of their introduction was to establish the fact that plaintiff performed services such as were called for by his contract. For this purpose the testimony was competent, and was not vulnerable to the objection that it was hearsay.

II. Appellant predicates error on the action of the trial court in submitting the case to the jury, claiming that there was not sufficient evidence that a contract was entered into, as alleged, to warrant the submission of the question to the jury. Plaintiff testified to the conversation with Jones in which it is claimed the agreement was made. He testified to every fact necessary to create a contract. The defendant denied essential portions of the conversation as related by plaintiff. This conflict in the testimony did not destroy plaintiff's testimony. It was a question for the jury to say whether they would believe plaintiff or defendant. It follows that the court properly submitted the case to the jury.

III. Guy Miller, a member of the Polk county bar, was called as a witness in behalf of plaintiff and testified to the reasonable value of the services performed by plaintiff. The record indicates that this witness was recalled and over objection was permitted to testify that he was city attorney of Des Moines during the years 1916, 1917 and 1918, and had had experience in suits for the condemnation of property, and that it was easy to get a reduction but difficult to get an increase in the price. It is somewhat difficult to understand how these matters were material in view of the fact that the character of the services rendered by plaintiff was revealed in detail by the evidence. The situation complained of will

not arise upon a retrial of the case. We think the court might well have excluded the testimony of the witness to the effect that his experience in the city attorney's office had indicated to him that it was easy to secure decreases but difficult to secure increases in the prices of condemned property. The case would not be reversed, however, upon this assignment of error alone.

IV. In one instruction the court inadvertently used the word "plaintiff" in referring to Graeser and the word "plaintiff" in referring to Jones as appellant in the condemnation proceedings. It is said that such use of the word "plaintiff" was confusing. We have examined the instruction carefully in the light of this complaint and reach the conclusion that the jury could not have been confused or misled by the instruction as given.

V. It has been noted that the action is based on an oral contract of employment, and that the answer of the appellant was a general denial. In an opening, unnumbered paragraph of the instructions the court stated the issues presented by the pleadings. In the fourth paragraph of the instructions the court restated the issues. After stating that appellee claimed that he had been employed to negotiate a settlement and had negotiated a settlement pursuant to such agreement, the court stated that the defendant denied such contract *and claimed that the settlement resulted from the negotiations of appellant and his attorney, George Wilson.* No such claim was made by appellant in his pleadings. The court then told the jury:

"In this connection it appears without dispute in the evidence that George Wilson was at all times material to this lawsuit, acting as the defendant's attorney in handling said condemnation proceedings and the settlement of all litigation arising out of the same, and therefore, any information acquired by the said George Wilson as to the efforts or work or services performed by the plaintiff, would be imputed to the defendant, whether communicated to the defendant or not."

Proceeding, the court required the jury to find that appellee had been so employed and that he had negotiated a settlement of the condemnation proceedings, before returning a verdict for appellee, and then told the jury:

"In this connection, it is the law that where one performs services for another, at the request of the latter, who receives and

accepts the benefits of such services without objection and there is no agreement as to the amount of compensation, then the person so performing the services may recover the reasonable value of such services."

By this instruction the court injected into the trial an issue not raised by the pleadings and wholly immaterial to the determination of the suit; namely, whether appellant knew that appellee was negotiating in appellant's behalf. If appellee had a contract of employment and negotiated the settlement he was entitled to be paid. On the other hand under the pleadings, if he had no contract he was not entitled to be paid even though he negotiated the settlement. The injection of the element of knowledge on the part of appellant of appellee's activities and the idea that appellant accepted the benefits of appellee's services without objection when charged, as he was under the court's instruction, with the knowledge had by Wilson would inevitably obscure the issue whether a contract of employment had been entered into, which had been performed by appellee. Appellant contends that the giving of the part of the instruction first above quoted, in connection with the remaining portion of the instruction, was erroneous and prejudicial to him. We think his position is well taken. Deppe v. C., R. I. & P. R. Co., 36 Iowa 52; Friesner Fruit Co. v. C. G. W. R. Co., 199 Iowa 1143, 201 N. W. 112; Seddon v. Richardson, 200 Iowa 763, 205 N. W. 307; Sioux City & P. R. Co. v. Walker, 49 Iowa 273. While not questioned by appellant, we doubt whether the part of the instruction first quoted is a correct statement of the law. It is doubtful, to say the least, whether appellant was charged with knowledge of appellee's activities on account of Wilson's knowledge of them. Wilson was not employed by appellant on any matter connected with appellee or with appellee's alleged employment by appellant.

In view of the fact that the judgment of the trial court must be reversed, it is not necessary that other errors assigned be discussed, for such assignments are either in effect disposed of by the foregoing discussion or are not likely to arise upon a retrial of the case. For error indicated in the fifth division, the judgment of the trial court must be and is reversed.—Reversed and remanded.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.