GEORGE W. GRAESER, Appellee, v. TRUMAN JONES, Appellant.

No. 42949.

JUNE 21, 1935.

REHEARING DENIED SEPTEMBER 27, 1935.

McLennan & McLennan, for appellant.

Howard L. Bump, for appellee.

RICHARDS, J.—This is an action at law, before this court on a previous appeal, reported in 217 Iowa 499, 251 N. W. 162. Plaintiff's petition alleged that defendant by parol had employed plaintiff, as an attorney, to assist George Wilson, defendant's then acting attorney, in procuring a settlement of a condemnation proceeding then pending; that plaintiff accepted the employment, opened and continued negotiations with the adverse parties in the proceeding, and by his negotiations brought about a settlement; that the services were worth $1,500. Defendant's answer was a general denial.

Appellant's first error assigned is grounded on the claim that the verdict is contrary to all of the evidence on the question of the contract of employment of plaintiff by defendant and that there was insufficient evidence to establish said employment to warrant the court in submitting the case to the jury.

There is a sharp conflict between the parties as to the conversations between the parties in which plaintiff claims a parol contract of employment arose. Plaintiff's version tends to establish the contract. Defendant's version is a complete denial thereof. Although defendant's testimony has corroboration in the testimony of Wilson, nevertheless it was clearly within the province of the jury to determine the ultimate facts from this conflict of evidence, and the court did not err in letting the verdict stand.

For his second assignment appellant alleges that the evidence did not establish by a preponderance thereof that the plaintiff was the cause of the then mayor of Des Moines recommending to the city council that the sum of $80,000 be paid defendant in settlement of the condemnation proceedings. In explanation of this assignment it should be stated that these condemnation proceedings involved the taking by the city of Des Moines of a farm owned by defendant for public purposes. At

the time of the alleged employment of plaintiff by defendant, an award of $65,000 had been made in favor of defendant, from which he and the city both had appealed. It was to assist in a settlement of the appeals that plaintiff claims he was employed. A settlement was made in which defendant was paid $80,000. There was testimony tending to show that plaintiff rendered services that were of assistance in bringing about the settlement, and it was for the jury to determine the question whether and to what extent the assistance rendered by plaintiff had tended to effect the settlement.

In the third, fifth, and sixth assignments, the appellant claims the court erred in not instructing the jury upon voluntary issues not raised in the pleadings. It is appellant's contention that certain matters of evidence, introduced by defendant, created three such voluntary issues. We find, however, that the evidence referred to raised no new issues, and was nothing more than evidence in denial of plaintiff's cause of action. The court did not err in failing to instruct on any such alleged voluntary issues.

In the fourth assignment appellant claims that the court erred in failing to instruct the jury that the plaintiff could not recover unless the defendant knew of the efforts plaintiff was making in the matter of settlement. We find there was no such error because plaintiff's cause of action was upon an alleged express contract to assist defendant's attorney Wilson in the matter of the settlement. If the plaintiff rendered the services, assisting Wilson, he performed the contract, and was entitled to recover; there being no suggestion in the evidence that keeping defendant informed of plaintiff's progress in the negotiations was an express or implied part of the contract.

In the seventh assignment, appellant claims that the court erred in the first and fourth instructions in not giving an instruction as to the existence or nonexistence of a contract of employment. In argument appellant does not discuss this assignment, but an examination of the instructions leads to the conclusion that there was no such error.—Affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, MITCHELL, PARSONS, and HAMILTON, JJ., concur.